## OSCAR PARIS v. HELEN G. BARFIELD, et al.

33 So. (2nd) 713                                   January Term, 1948
January 27, 1948                                              En Banc
Rehearing denied February 24, 1948

*Walton, Hubbard, Schroeder, Lantaff & Atkins,* for appellland.

*Harold Turk, Joseph A. Wanick, Louis Jepeway,* and *S. Errol Mestrezat,* for appellees.

BARNS, J.:

The appellees, Helen G. Bartfield, et vir, brought the suit for negligence Oscar Paris, Sidney Schulman, and John Dudley Edwards, resulting in a verdict in favor of Edwards and a verdict against Paris in favor of the plaintiff wife for $5,-000.00 and in favor of the plaintiff husband for $2,500.00. The verdict was silent as to Schulman. Motion for new trial was denied and the defendant-appellant brings this his appeal, and one of his assignments of error is as follows:

"The Court erred in denying to the defendant, Oscar Paris, three peremptory challenges to the Jury."

The question resolved by the appellant as raised by this assignment of error is:

"Should the defendant, Oscar Paris, have been allowed three peremptory challenges of the jury as empanelled in the cause (Sec. 54.11, Fla. Stat. 1941)?"

Supreme Court Rule 20, relating to briefs, prescribes that the argument addressed to the "question" should follow the statement of the question. The purpose of this is to present the "question" and argument together, for convenience, and to avoid the necessity of stating the question more than once. The question need be stated but once, but it should be with the argument addressed to it.

"Questions" are in the nature of argument, and somewhat secondary. "Questions" grow out of and are only created by the assignment of error, and the said Rule 20 prescribes that:

*"Specific assignments of error* from which the questions arise should be stated, and, if any reference to the transcript is made, the page should be given."

The assignment of error giving rise to this question was not copied into the brief. It is the better practice to support the "question" by copying into the brief the assignment of error which creates the question. It is important that appellant present in his brief the acts which support the allegations of fact as charged in the assignment of error. The appellate court wishes to know what actually happened in relation to errors assigned and argued. The factual basis of an assignment of error should be presented in the brief of appellant, with such particularity as the circumstances permit and with appropriate page references.

The particulars as to the foregoing assignment of error were as follows:

At trial and before the jury was accepted and sworn and during the *voir dire* examination of the jurors and after the plaintiff had tendered the jurors called to the box, counsel for defendant-appellant made inquiry of the presiding trial judge as follows:

"*Mr. Atkins*: Do you tender the jury, Mr. Turk?

"*Mr. Turk*: Yes—tender the jury.

"*Mr. Atkins*: Your Honor, as a matter of procedure— There are three defendants. Do I understand that each has three peremptory challenges? I represent two of them and Mr. Jepway and Mr. Mestrezat represent one.

"*The Court*: I didn't so understand it. It is just the same.

"*Mr. Atkins*: You mean all three only have three altogether?

"*The Court*: I believe so.

"*Mr. Atkins*: They are separate defendants. I represent two, and Mr. Mestrezat represents the third. Not that I think we will need them, but—

"*The Court*: My understanding is that that does not call for separate challenges for each defendant.

"*Mr. Atkins*: You think the three of us are limited to a total of three?"

"*The Court*: Yes."

(The jurors were thereupon examined further on their voir dire).

Appellant submits that this was a ruling and that it was contrary to the prescription of the statute. The statute was cited but not copied into the brief. It is as follows:

"54.11. CHALLENGE OF JURORS: PEREMPTORY— On the trial of any civil cause in any court, each party shall be entitled to three peremptory challenges of jurors empanelled in said cause."—F.S., 1941, F.S.A.

The appellee contends that such was not a ruling, and, if so, that it was harmless error.

Whether or not the statement of a judge is to be construed as a ruling need not be confined to the judge's act. The circumstances under which he acted are often as material as what he did. To weigh the language of the attorney and the judge alone would hardly leave the inference that the judge was making a ruling; but, when it is considered that the determination of the question was then and at the very moment of importance to the defendant, we can come to no conclusion other than such act of the judge was properly taken and accepted as an adverse ruling of the judge.

The judge's ruling appears to have been that the two defendants who had been sued in tort were not entitled to three peremptory challenges each. See Section 54.11, supra. We find this was reversible and harmful error. See S.A.L. v. Parks, 89 Fla. 405, 104 So. 587.

Another assignment of error is that the court erred in refusing to give defendant's-appellant's requested charge, as follows:

"The mere fact that an accident occurred and that injury or damage was suffered by the plaintiff, Helen G. Bartfield, in the accident, does not carry with it any presumption of negligence and does not mean the plaintiffs are entitled to recover. Proof of injury cannot substitute for proof of negligence. To entitle the plaintiffs to recover damages from the defendants, Oscar Paris and Sidney Schulman, the plaintiff, Helen G. Bartfield, must not only prove, by a preponderance of the evidence, that she was injured or damages, but must also prove, by a preponderance of the evidence, that the defendant, Sidney Schulman, acting in his capacity as employee of the defendant,

Oscar Paris, was negligent, and that such negligence was the proximate cause of injury or damage, if any, to the said plaintiff. Unless you find that the plaintiffs have carried this burden of proof, your verdict should be for the defendants, Oscar Paris and Sidney Schulman."

The first sentences of such requested charge, reading as follows:

"The mere fact that an accident occurred and that injury or damage was suffered by the plaintiff, Helen G. Bartfield, in the accident, does not carry with it any presumption of negligence and does not mean the plaintiffs are entitled to recover. Proof of injury cannot be substituted for proof of negligence," would have been proper.

The third sentence of the charge contains matter going to the proof that Sidney Schulman was "acting in his capacity as *employee* of the defendant, Oscar Paris."

When we examine the pleadings and find that the only pleas are those of "not guilty" and of contributory negligence and consider that portion of Common Law Rule 32, as follows:

" . . . where in the declaration the breach of duty or wrongful act is alleged to have been committed by defendant through the agency of any other person or thing the alleged relationship between the defendant and that other person or thing shall not be put in issue by the plea of not guilty,"— it appears that the trial judge was not in error in refusing said charge. Doubtless in considering whether or not to give this requested charge he tested it by the thought of whether or not if given it might likely lend support to a motion for a second trial in event the verdict was adverse to the plaintiff.

There was no issue in the pleadings to support the whole of this third sentence and neither was there an issue in the trial to support the third sentence. There is serious doubt as to the property of giving the whole charge.

Although it is not unusual, and more or less customary, to conclude a charge with the language "unless you so find, your verdict will be for the defendant," or "if you so find your verdict will be for the defendant" or "if you so find, your verdict will be for the plaintiff," this is especially true when the

charges are drafted by the attorneys representing the litigants.

Often the charges appear more favorable to the plaintiff or to the defendant when in one series of charges such terms as above quoted are used repeatedly as to the plaintiff and in another series of charges the terms are repeated as to the defendant. The use of such terms can well be limited or avoided by the trial judge. The law directs that the charge to the jury be on the *law* and such terms are not essential to charging on the law.

Our statute relating to charges to juries in civil cases prescribes that it should be "on the law of the case in the trial" as follows:

"At trial of any civil action or proceeding at law in the courts of this state, the judge presiding shall charge the jury on the law of the case in the trial at the conclusion of the argument of counsel."—Sec. 54.17, F.S., 1941, F.S.A.

Although the charges to the jury were meager, and there is doubt that the proper portions of the requested charge were adequately covered by the other charges, it is our conclusion that it was not error to have refused to give the whole charge.

The judgment appealed from is reversed.

TERRELL, CHAPMAN and ADAMS, JJ., concur.

THOMAS, C. J., agrees to conclusion.

BUFORD and SEBRING, JJ., dissent.

BUFORD, J., dissenting:

I think appellants have failed to show any harmful error as it does not affirmatively appear that appellants either challenged or wished to challenge any of those tendered as jurors.