72 So.2d 283 (1954)
DOWLING
v.
LOFTIN et al. (three cases).
YELVINGTON
v.
LOFTIN et al.
CLARK
v.
LOFTIN et al. (three cases).
Supreme Court of Florida. Special Division A.
April 20, 1954.
Rehearing Denied May 18, 1954.
*284 Harry B. Fozzard and Tom B. Stewart, Jr., Jacksonville, for appellants.
Russell L. Frink and Samuel Kassewitz, Jacksonville, for appellees.
MATHEWS, Justice.
This is an appeal growing out of a horrible railroad crossing accident which resulted in the death of a man, his wife, and their four infant children.
Voluminous testimony was taken with reference to the scene of the accident and pertinent facts in connection therewith. No good purpose can be served by a recital of these details and facts testified to. It is sufficient to say that all questions were submitted to the jury and the jury found a verdict of not guilty. There was abundant substantial evidence supporting the verdict.
Motion for new trial was denied by the trial judge The findings of the jury, reviewed by the trial judge, will not be disturbed on appeal when there is any substantial evidence to support the verdict unless the assignments of error pinpoint some error of the trial judge in the instructions to the jury or in admitting, or rejecting, testimony which resulted in a miscarriage of justice.
The record in this case contains fifteen assignments of error, most of which are concerning the giving, or failure to give, instructions or charges to the jury.
The record discloses that an entire afternoon was devoted, by the trial judge and the attorneys for the respective parties, in going over and discussing requested charges. The next day, after the Court had charged the jury, the Court addressed the attorneys for the parties and asked the question, "Is there anything else you can suggest?" The only suggestion from anyone was from one of the attorneys for the appellants when he said, "I don't recall you giving the charge on the burden of proof or contributory negligence". The Court then further instructed the jury. No further request, or objection, of any kind appears in the record until long after the motion for new trial had been denied when attorneys for the appellants then contended that objections had been made to various charges and their objections were not in the record and that they had made a general objection to all of the charges, that they were repetitious and such repetition unduly stressed certain matters prejudicial to the appellants. 30 F.S.A. Rules of Common Law, Rule 39(b) on the subject of charges to the jury is full and complete.
A hearing was held on motion to supplement the record. This motion was granted and the record was filed in this Court on March 29, 1954, one day before the argument in this Court, but even if regular and permissible, same is of little benefit to the appellants. About the only thing which this supplemental record shows is that there was a general objection that some of the charges were repetitious and that appellants claimed that such repetitious charges unduly emphasized certain principles of law advantageous to the appellees and prejudicial to the appellants.
We have heretofore discussed and considered the force and effect of Rule 39(b) in the cases of Eli Witt Cigar & Tobacco Co. v. Matatics, Fla., 55 So.2d 549, and Guarino v. State, Fla., 67 So.2d 650.
It is quite true that in many cases charges contain repetitions and at times such repetitions may unnecessarily emphasize a particular rule of law advantageous to one of the parties. It is frequently true that the record, and particularly the charges *285 requested by one party or the other, discloses an over-trial of a case and where such conditions result in a miscarriage of justice, the judgment should be reversed and set aside.
It is our duty to examine not one but all of the charges. F.S. § 54.23 F.S.A.; Martin v. Stone, Fla., 51 So.2d 33; Staff v. Soreno Hotel Co., Fla., 60 So.2d 28; General Ready-Mix Concrete v. Wheeler, Fla., 55 So.2d 331.
In the case at Bar it may be that the charges requested by the appellants could have been simplified but an examination of the entire record, including all of the charges given, does not show that the trial resulted in a miscarriage of justice. The appellants have failed to carry the burden of showing any reversible error.
Affirmed.
ROBERTS, C.J., and TERRELL, J., and MILLEDGE, Associate Justice, concur.