WIGGINTON, Judge.
Defendant has appealed from an adverse judgment entered pursuant to a jury’s verdict for the plaintiffs, husband and wife, awarding damages suffered by each as a result of injuries to the plaintiff wife. The trial court’s refusal to allow the defendant-appellant six peremptory challenges to the jury, and the alleged excessiveness of the verdict, are assigned as error.
The suit was instituted to recover damages for injuries alleged to have been inflicted upon the plaintiff wife through defendant’s negligence. Plaintiff husband’s claim for damages suffered by him as a result of his wife’s injuries was consolidated with her claim as provided by statute.[1] During examination of the jury, voir dire, and in response to defendant’s request, the trial court ruled that plaintiffs jointly, were entitled to only three peremptory challenges and that defendant was entitled to the 'same number. Defendant contends that under F.S. § 54.11, F.S.A., plaintiffs should have been granted six peremptory challenges; that defendant was entitled to a like number; and that it was error to deny it six peremptory challenges as requested.
F.S. Section 54.11, F.S.A., provides as follows:
“On the trial of any civil cause in any court, each party shall be entitled to three peremptory challenges of jurors empaneled in said cause; provided, that where the number of parties on opposite sides of the cause are unequal, the party or parties plaintiff and the party or parties defendant, shall be eni-titled to the same aggregate number of peremptory challenges, to be determined on the basis of three peremptory challenges to each party of the side zvith the greater number of parties, and the additional peremptory challenges thereby accruing to multiple parties plaintiff or multiple parties defendant shall be divided equally between them, and any additional peremptory challenges not capable of equal division shall be exercised sep *440 arately or jointly as determined by the presiding judge in his discretion. As amended, Laws 1949, c. 25042, § 1.” (Emphasis supplied.)
Our answer to this assignment of error turns upon an interpretation of the word “party” as used in the quoted statute.
The right to peremptory challenges in civil actions was unknown to the common law.[2] It exists in this State solely because of a statute, which is in derogation of the common law. According to the settled law of this jurisdiction, all such statutes are to be construed strictly. As related to the question here considered, the courts are bound to apply the subject statute in such way as will allow the least number of peremptory challenges, thus conforming the statute, as nearly as may be, to the common law.
The general rule appears to be that statutes prescribing a certain number of peremptory challenges to “a party”, “each party,” “either party”, “parties”, or the like are construed so as to give the specified number of challenges to each side of the cause when the interest of those constituting a particular side are identical or common, without regard to the number of individual plaintiffs or defendants on that side.[3] Thus, when several persons whose interests are common are joined on either side of a civil action they should be treated as but one “party” within the meaning of the statute providing for peremptory challenges.
However, when the interest of persons on the same side of an action are not identical or common, and their respective positions are essentially or potentially different or hostile, it is generally held that each such litigant is entitled to the full number of peremptory challenges allowed to a “party”. Such cases require a showing of divergence involving potential conflicts, or the existence of present or inevitable hostility.[4]
It becomes evident, therefore, that in determining the number of “parties” for the purposes of applying our statute granting peremptory challenges in civil actions, the trial courts are not to be governed solely by the plurality of litigants on either side of the cause, but, rather, by the compatibility of their respective interests.
Appellant contends that, since actions by a husband and wife to recover for injuries to the latter are separable[5], each should be treated as a separate party for the purpose of allocating peremptory challenges. While we agree that the cases hold such actions to be separable, it cannot be said that this would serve to overcome the rule applicable to peremptory challenges when the actions are in fact joined and the parties are determined according to interests rather than by number, as heretofore stated.
Appellant also places great reliance on the cases of Paris v. Bartfield[6] and Seaboard Air Line Railway Co. v. Parks.[7] Although we agree that these cases correctly state the law applicable to those cases in which the interests of parties to the same side of a cause are antagonistic, we do not agree that they support appellant’s position under the facts in the instant cause. *441 A review of the original appeal filed in the Paris case reveals that the conclusion reached therein was bottomed on the fact that there were three defendants, whose respective interests were potentially hostile. The fact that the action involved a joinder of husband and wife as plaintiffs to recover for injuries to the latter was in no way determinative. Likewise the case of Seaboard Air Line Railway Co. v. Parks, turned upon the fact that there were two defendants whose interests were potentially hostile.
In considering the question of peremptory challenges in an ejectment suit brought by a husband and wife jointly,[8] the husband because of his claim of ownership in the land and the wife because of her inchoate right of dower therein, our Supreme Court held that the respective interests of the husband and wife were not separate or antagonistic but that the wife’s interest was derivative of and dependent upon the husband’s title; and, there appearing from the pleadings no apparent or potential conflict, they were considered as but one “party” and entitled to only three peremptory challenges under the statute then in effect.[9] Appellant urges, however, that the cited case is no authority for the question presented here in view of the additional provisions contained in a subsequent amendment to the statute.[10] With this contention we cannot agree. As we view the questioned amendment, its purpose is merely to assure equalization in the number of challenges allowed each side of civil actions in which multiple parties are involved, and not to affect a determination as to who is a “party” under the statute.
In the cause now under consideration the plaintiff husband’s rights were derivative of and dependent upon the rights of the plaintiff wife based upon defendant’s negligence. On the issues made by the pleadings it patently appears that the interests of both plaintiffs were common and entirely compatible. There was no apparent or demonstrated antagonism or hostility, either patent or potential. Under such circumstances it must be held that the plaintiff husband and wife were correctly considered by the trial court to be but one party within the meaning of the statute relating to peremptory challenges. This being so, they were jointly entitled to but three peremptory challenges; and the defendant was entitled to no more, or less, than the total number allowed the plaintiffs.
The remaining assignment of error relates to the alleged excessiveness of the verdict. Having carefully reviewed the evidence in this behalf and, for the reasons and upon the principles stated by us in Wise v. Jacksonville Gas Corp.[11] we refrain from disturbing the verdict as returned by the jury and approved by the trial court.
Affirmed.
STURGIS, C. J., and CARROLL, DONALD K., J., concur.

. 31 Am.Jur., Jury, § 231.

. 31 Am.Jur., Jury, § 238; See: Loftin v. Wilson, Fla.1953, 67 So.2d 185.

. Paris v. Bartfield, 160 Fla. 87, 33 So.2d 713; 31 Am.Jur., Jury, § 238; 136 A.L.R. 421.

. Fayter v. Shore, 114 Fla. 115, 153 So. 511.

. Supra, note 4.

. 89 Fla. 405, 104 So. 587.

. Williams v. Pichard, 150 Fla. 371, 7 So.2d 468.

. § 4359, Compiled General Laws of 1927. “On the trial of any civil cause in any court, each party shall be entitled to three peremptory challenges of jurors empaneled in said cause.”

. Ch. 25042, § 1, Laws of Florida, 1949.

. Fla.1958, 97 So.2d 704.