CARROLL, Judge.
Helen Dozier and her husband Albert Dozier were injured when a defect de *461 veloped in an amusement ride mechanism. They sued the operator charging negligent maintenance. The husband sought recovery of certain elements of damage which were derived from the wife’s injuries, and in addition sued for injuries personal to him. The case was tried before a jury on the negligence issue and resulted in a verdict for the plaintiffs, $25,000 for Helen Dozier and $10,000 for Albert Dozier. The defendant has appealed.
The first of a number of points raised by appellant is a contention that the court •erred in restricting it to three peremptory ■challenges. Section 54.11, Fla.Stat., F.S.A., provides that “each party shall be entitled to three peremptory challenges of jurors •empaneled in said cause” and that where there are more parties on one side, the •side having less parties shall have an equal number of challenges.[1] On the voir dire •examination of jurors, after having exer•cised three peremptory challenges, defendant’s attorney, .contending six challenges were allowable to plaintiffs and therefore to the defendant, requested permission to make additional peremptory challenges. This was refused by the trial judge who ruled that each side had only three challenges. In so holding the trial judge was in error.
Denial to a litigant of peremptory challenges which are allowable by law con.stitutes reversible error. Paris v. Bartfield, 160 Fla. 87, 33 So.2d 713, 715; Seaboard Air Line Ry. Co. v. Parks, 89 Fla. 405, 104 So. 587, 588. Appellees rely on the case of Utilities Service v. Replogle, Fla. App.1959, 110 So.2d 438, as establishing the proposition that where husband and wife join in an action for personal injuries they are entitled to only three challenges. The holding in that case was not that broad. There the injuries sued upon were to the wife, and the husband’s claim was derivative only. On those facts the court in Replogle properly held the interests of husband and wife were common and not different, and that they should be treated as one party within the meaning of the statute providing for peremptory challenges. In that connection the court said (110 So. 2d at 441):
“In the cause now under consideration the plaintiff husband’s rights were derivative of and’ dependent upon the rights of the plaintiff wife based upon defendant’s negligence. On the issues made by the pleadings it patently appears that the interests of both plaintiffs were common and entirely compatible. * * * ”
A different situation is presented where the husband, in addition to claims derived from the wife’s cause of action, has a separate cause of action based on injuries to himself. There may be points of difference in their claims. A defense assertable against one may not apply to the other; one might have permanent injuries and the other not; one’s injuries may be direct, and the other’s through aggravation; elements of damage may differ between them; etc. • The fáct that statutory authority is deemed necessary for the two plaintiffs to sue together, implies the separate character of their claims.[2] The case of Seaboard Air Line Ry. Co. v. Parks, supra, is closely in point,- differing only in that it was an action by one plaintiff against two defendants, whereas here we have two plaintiffs against one defendant. In the Parks case both defendants were charged with negligence. It was held to be er *462 ror to restrict the defendants to three peremptory challenges instead of according them six, or three for each. Not overlooking the rule for strict construction of the statute (Utilities Service v. Replogle, supra), we hold that when a husband and wife, having separate claims for personal injuries, join in a suit for damages against the party whose negligence is alleged to have caused their respective injuries, a case is presented within the intent of the statute for the plaintiffs each to have three peremptory challenges and for the other side to have a like number.
This disposition of the case makes it unnecessary to rule on other questions raised. Accordingly, the judgment is reversed and the cause remanded for new trial.
Reversed and remanded.

. “On the trial of any civil cause in any court, each party shall be entitled to three peremptory challenges of jurors empaneled in said cause; provided, that where the number of parties on opposite sides of the cause are unequal, the party or parties plaintiff and the party or parities defendant, shall be entitled to the same aggregate number of peremptory challenges, to be determined on the basis of three peremptory challenges to each party of the side with the greater number of parties, * *

. § 46.09, Fla.Stat., F.S.A.