151 So.2d 852 (1963)
FLORIDA EAST COAST RAILWAY COMPANY, a Florida corporation, Appellant,
v.
Edward V. LAWLER, Appellee.
No. 62-498.
District Court of Appeal of Florida. Third District.
April 9, 1963.
Rehearing Denied May 2, 1963.
*853 Blackwell, Walker & Gray, John B. Kelley and James E. Tribble, Miami, for appellant.
Nichols, Gaither, Beckham, Colson & Spence and Alan R. Schwartz, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and CARROLL and BARKDULL, JJ.
CARROLL, Judge.
This case is before us on appeal by the defendant Florida East Coast Railway Company from a judgment entered on a verdict for plaintiff in an action for damages for personal injuries alleged to have resulted from defendant's negligence.
The plaintiff was a conductor employed by the defendant railway company. He was injured when the train on which he was working collided with another of defendant's trains. There was evidence that the trains were operated in violation of a rule of the company.[1]
Appellant states three points. Two concern jury charges and the third claims the verdict is excessive. First, it is contended the court erred in giving the following charge:
"I instruct you that the railroad is liable to the plaintiff for the negligence, if any, of its employees, agents, other than the plaintiff, including those employees who were subordinate to the plaintiff at the time of the accident. The negligence, if any, of such persons is in no way attributed to or imputed to *854 the plaintiff in his action against the railroad."
The appellant argues the charge eliminated from the jury's consideration the matter of the separate negligence of the plaintiff conductor as the supervisor or person in charge and command of the train. Also, it is contended that by stating that negligence of subordinates was not to be attributed or imputed to the plaintiff, the charge operated to relieve the plaintiff of the effect of any contributory negligence. The contentions lack merit. The charge was not ambiguous. It did not state or imply that the plaintiff would not be responsible for his own negligence, or that his negligence should not be counted against him in reduction of his verdict. The court in other charges informed the jury that the plaintiff was required to exercise reasonable care for his own safety, that his own negligence, if contributory, would proportionately diminish his recovery and that if plaintiff was found guilty of negligence which was the sole proximate cause of his injury he could not recover.
Appellant further contends the trial court committed error in refusing to give the following requested charge:
"The court instructs the jury that the mere fact that an accident occurred and that injury or damage was suffered by the plaintiff, if any, in the accident, does not carry with it any presumption of negligence and does not mean that the plaintiff is entitled to recover, proof of injury cannot be substituted for proof of negligence."
Appellant argues that the quoted charge was approved in Paris v. Bartfield, 160 Fla. 87, 33 So.2d 713, and, being a proper charge, that it was error to refuse it. The failure to give a requested charge which is proper and applicable will not constitute reversible error where its substance or subject is covered in other charges given by the court, or where the failure to give it is not shown to be prejudicial. The jury was informed by the court's charges that recovery was sought on the basis of negligence and that in order for the plaintiff to prevail he was required to prove the material allegations by a preponderance of the evidence including the showing of negligence and of proximate cause.
No reversible error was committed by the trial court with reference to the charges in question, for the reasons stated above and because of applicability thereto of the rule that the merit of a charge will be judged by considering the complete charge on the subject, and if thereby the law is fairly stated the part which is attacked, even though it may appear erroneous, will not justify reversal. See Miami Transit Co. v. Dalton, 156 Fla. 485, 23 So.2d 572; Martin v. Stone, Fla. 1951, 51 So.2d 33, 37; Dowling v. Loftin, Fla. 1954, 72 So.2d 283, 285; Martin v. Makris, Fla.App. 1958, 101 So.2d 172, 175.
There remains the contention of appellant that a new trial should have been granted on the ground of excessiveness of the verdict. We have considered the arguments of counsel for the parties and their discussion of the facts material to damages. There is no need to repeat here those facts, having concluded that the injuries and elements of damage were such that the amount awarded by the jury can not be said to be beyond that which it was within their range and province to allow. The able trial judge, on motion for new trial, considered the claim of excessiveness of the verdict and declined to reduce it or order retrial, and there is no sufficient showing made to impel us to disturb the verdict. See Dunn Bus Service v. Wise, 140 Fla. 341, 191 So. 509, 511; Sproule v. Nelson, Fla. 1955, 81 So.2d 478, 76 A.L.R.2d 1066; Butler v. Watts, Fla.App. 1958, 103 So.2d 123, 127; Bach v. Miami Transit Company, Fla.App. 1961, 129 So.2d 706.
For the reasons stated the judgment appealed from should be and hereby is
Affirmed.
NOTES
[1] "Rule 93. Within yard limits the main track may be used, protecting against first-class trains.

"Second and inferior class and extra trains must move within yard limits prepared to stop, unless the main track is seen or known to be clear."