CARROLL, Judge.
This is an appeal by the defendants below from an adverse judgment, in an automobile accident case. The plaintiff Joan Bennett was injured when the automobile in which she was a passenger was struck from the rear by a vehicle owned by Dade County and driven by Horace Owen, a Dade County deputy sheriff. In an action against Owen and the county, the plaintiff alleged Owen was negligent and that the vehicle was being operated by Owen with the county’s knowledge and consent. *545 Both defendants denied negligence. In addition the county denied the vehicle was being driven by Owen with its knowledge and consent and denied timely notice of claim. The latter issue, relating to the notice, was eliminated prior to trial. The plaintiff recovered a verdict of $12,000, and this appeal is from the judgment which was entered thereon.
Reversal is sought on the contention that the trial court erred in ruling that each side was entitled to six peremptory challenges, instead of three. Section 54.11, Fla.Stat., F.S.A., provides that “each party shall be entitled to three peremptory challenges of jurors empaneled in said cause” and that where there are more parties on one side, the side having less parties shall have an equal number of challenges.
The quantity of peremptory challenges is determined by the number and status of the parties on a side, and on consideration of the issues as to them at the time of trial. Here, as to the liability of the driver, the issue was limited to negligence. The liability of the county depended upon an additional issue as to the use of the car by Owen with its knowledge and consent.[1] Different or additional issues applicable to two or more parties on one side entitle them to the benefit of three challenges each as provided for in the statute. Antagonistic or hostile positions of two or more parties on one side will do likewise, but their right to such challenges does not depend upon the presence of hostility or antagonism. It is sufficient if their positions are different, or depend on different issues. The intent of the clearly worded statute to accord three peremptory challenges to each party on a side should be given effect unless it is made to appear, at the time of trial, that their interests are common and their positions in the cause the same. See Seaboard Air Line Ry. Co. v. Parks, 89 Fla. 405, 104 So. 587, 588; Utilities Service v. Replogle, Fla.App.1959, 110 So.2d 438, 440; Bailey v. Deverick, Fla.App.1962, 142 So.2d 775; Funland Park, Inc. v. Dozier, Fla.App. 1963, 151 So.2d 460; City of Hialeah v. Robinson, Fla.App. 1964, 163 So.2d 523.
On this record the trial judge was eminently correct in ruling that each of the two defendants was entitled to three peremptory challenges of jurors, and therefore that the plaintiff was entitled to six.
Affirmed.

. The county admitted ownership.