PER CURIAM.
This is an automobile accident case. Plaintiffs were passengers in an automobile which was struck from the rear by an automobile driven by the appellant. A joint action to recover damages for their respective personal injuries was brought by the appellees, husband and wife as provided for under § 46.09 Fla.Stat., F.S.A., against the driver of the other automobile. A verdict was rendered in favor of the plaintiffs, awarding $1,744 to the husband and $5,000 to the wife. Judgment was entered thereon, and the defendant appealed.
The two vehicles were proceeding in the same direction on a four-lane street.' The driver of the car in which the plaintiffs were passengers changed lanes and then was struck in the rear. The plaintiffs’ driver testified he was in the new lane for some ten seconds before being struck. The defendant testified that plaintiffs’ driver cut over in front of him without time to avoid the accident. No excessive speed was involved.
Appellant contends first that reversible error was committed by the ruling of the trial court, on voir dire, that defendant was entitled to only three peremptory challenges. That ruling by the *611 trial court was error. See Funland Park, Inc. v. Dozier, Fla.App.1963, 151 So.2d 460, 461, and cases cited there. Each plaintiff was entitled to three challenges and the defendant to a like number (six) under § 54.11, Fla.Stat, F.S.A. However, the defendant only exercised two of the three challenges authorized under the ruling, and for that reason we hold the error was harmless. While we have been shown no decision dealing with this precise question, it is the recognized rule that “[a] case will not he reversed because error is committed by the court in a ruling on a peremptory challenge where no harm results to the objecting party from such ruling. Accordingly the fact that a party is allowed more or less than the legal number of peremptory challenges, or that a peremptory challenge is improperly overruled, is not cause for reversal of the cas.e in the absence of prejudice to the complaining party.” 5A C.J.S. Appeal & Error § 1708b. See Felker v. Johnson, 1936, 53 Ga.App. 390, 186 S.E. 144; Ralston v. Toomey, Tex.Civ.App.1951, 246 S.W.2d 308.
The appellant cites Paris v. Bartfield, 160 Fla. 87, 33 So.2d 713, in support of a contention that the error in restricting the number of challenges to less than that provided for by law warrants reversal even when a complaining party does not exercise all of the challenges which the court’s ruling permits. That case does not support the proposition for which it is cited, in that it was not disclosed there whether or not the complaining party exercised all challenges which the court authorized. And in the one decision cited in Paris v. Bartfield, supra, for the proposition that denial to a party of the number of challenges allowed by law is reversible error (Seaboard Air Line Ry. Co. v. Parks, 89 Fla. 405, 104 So. 587), it is disclosed that the complaining party used the full number of challenges the court allowed. Also, in Funland Park, Inc. v. Dozier, supra, the party who was erroneously restricted to three peremptory challenges exercised them, and it was the denial by the court of a request for additional challenges which was held reversible error.
Other contentions presented by appellant wherein it was contended that the trial court committed error in admitting into evidence a municipal ordinance (Metro) dealing with reckless driving, accepting certain medical expense bills in evidence and limiting certain cross-examination of a witness, have been considered and found to be without merit.
Accordingly the judgment appealed from is affirmed.
Affirmed.