197 So.2d 26 (1967)
Margaret Ann UPCHURCH, Appellant,
v.
Robbie Dean BARNES, Appellee.
No. 140.
District Court of Appeal of Florida. Fourth District.
March 31, 1967.
*27 Karl O. Koepke of Law Office of William Whitaker, Orlando, for appellant.
Jesse F. Sparks, Jr., and O. Douglas Wolfe, Jr., of Gurney Gurney & Handley, Orlando, for appellee.
CROSS, Judge.
Plaintiff appeals a judgment rendered on a jury verdict in favor of defendant and from an order denying her motion for a new trial arising out of an automobile accident.
On the night of March 24, 1961, plaintiff's husband, as driver, and plaintiff, as passenger, were proceeding east on Second Street in Sanford, Florida, in a 1955 Dodge station wagon, and defendant was traveling south on Myrtle Avenue in a 1960 Ford owned by him. At the intersection the cars collided. As a result of the collision plaintiff's husband was killed, and plaintiff suffered injuries.
Plaintiff brought suit on two separate causes of action, one for the wrongful death of her husband, and the other for the personal injuries she received. The action was tried before a jury upon issues of negligence, gross negligence, contributory negligence and damages. The jury returned a verdict for the defendant. Plaintiff's motion for a new trial was denied, and the court entered final judgment for the defendant. It is from this judgment that the appeal is taken. Four points are raised by plaintiff on appeal.
The first point on review questions the correctness of the trial court's ruling allowing plaintiff only three peremptory challenges instead of six. We find that it is unnecessary and inappropriate to comment on the correctness of the trial court's ruling.
The record shows that the plaintiff only exercised two of the three challenges authorized under the ruling, and for that reason, if an error occurred, it was harmless error. Houck v. Urov, Fla.App. 1966, 183 So.2d 610. The court in Houck v. Urov, supra, stated:
"* * * it is the recognized rule that `[a] case will not be reversed because error is committed by the court in a ruling on a peremptory challenge where no harm results to the objecting party *28 from such ruling. Accordingly the fact that a party is allowed more or less than the legal number of peremptory challenges, or that a peremptory challenge is improperly overruled, is not cause for reversal of the case in the absence of prejudice to the complaining party.' 5A C.J.S. Appeal & Error § 1708b. See Felker v. Johnson, 1936, 53 Ga. App. 390, 186 S.E. 144; Ralston v. Toomey, Tex. Civ.App. 1951, 246 S.W.2d 308."
Plaintiff's second contention is that she was so prejudiced as to not have received a fair trial by refusal of the trial court to permit the investigating officer to testify as to his opinion of (a) point of impact, (b) point of impact on each vehicle, (c) speed of the vehicles at the time of impact, (d) which motor vehicle entered the intersection first. At the trial the court refused to allow the investigating officer to testify regarding point of impact, preemption of the intersection, and speed of the vehicles, since he was not an eyewitness nor had he been qualified as an expert so as to enable him to render an opinion regarding the same. The investigator had been a police officer since 1953, had received schooling in the field of traffic analysis in 1953 at Northwestern University, and in the summers of 1953 and 1954 attended schooling in the field of traffic analysis in Gainesville, Florida. Since 1953, on the average of one week a year, representatives from the F.B.I. gave the Sanford Police Department training in police and traffic work; the investigator had been a police officer with the City of Sanford for twelve years; he had investigated during these many years of service approximately 150 automobile accidents per year, had special interest in automobile accidents, had investigated the accident that is the basis of this suit, and that he had attempted to reconstruct what occurred. The record contains no testimony regarding the specific nature of the schooling the investigating officer received at the schools mentioned, nor does the record reveal the specific nature of the training given by the F.B.I.
A witness, in order to qualify as an expert in a given area, must show that he has acquired special knowledge of the subject matter, either by study of the recognized authorities on the subject, or through the exercise of traffic experience, in order to be able to express his opinion on the facts or issues involved. Rowe v. State, 1935, 120 Fla. 649, 163 So. 22; 13 Fla.Jur., Evidence, § 310.
As previously pointed out the record fails to disclose that the investigating officer studied any specific phase of traffic analysis, nor does the record disclose that he has acquired, through experience, the necessary qualifications to make him an expert regarding speed, point of impact, or preemption of the intersection. However, he was asked by appellant's counsel to express his opinion as to speed, point of impact, and preemption of the intersection, based solely on the physical evidence he saw at the scene of the accident, not upon facts that he observed at the scene plus scientific interpretations. In the case of Mills v. Redwing Carriers, Inc., Fla.App. 1961, 127 So.2d 453, an automobile negligence action, a Florida highway patrolman who investigated the accident was allowed by the trial court to testify as to point of impact based solely upon skid marks and physical evidence, in the form of debris, observed by him at the scene of the accident. At the close of the trial the jury returned a verdict for the plaintiff, and defendant moved for a new trial on the ground that the trial court erred by allowing the officer to testify as to point of impact. The trial court granted defendant's motion and plaintiff appealed. The Second District Court of Appeal affirmed the lower court's order granting a new trial, stating, inter alia, this lay testimony concerning the pivotal point of the case by a highway patrolman could have unduly influenced the jury in its interpretation of the facts. When a witness is offered at trial as an expert or skilled witness, it is the duty of the trial court to determine whether or not the witness had been shown to possess the *29 required qualifications and special knowledge as to authorize his testimony. Atlantic Coast Line R.R. Co. v. Crosby, 1907, 53 Fla. 400, 43 So. 318; Myers v. Korbly, Fla.App. 1958, 103 So.2d 215; 13 Fla.Jur., Evidence, § 311. The question regarding an expert witness' qualification is a question of fact to be decided by the trial court determined by the testimony adduced. The trial court's decision in this regard is conclusive unless it is shown that the trial court applied erroneous legal principles in arriving at its decision and, on appeal, is entitled to great weight. Foster v. Thornton, 1936, 125 Fla. 699, 170 So. 459; Davis v. State, 1902, 44 Fla. 32, 32 So. 822; 13 Fla.Jur., Evidence, § 311.
The term "expert witness" is defined in part by F.S.A. § 90.23 as "one possessed of special knowledge or skill in respect of the subject upon which he is called to testify". Trial judges are accorded a wide latitude, subject to the exercise of sound judicial discretion, in determining whether a person so called meets the statutory tests. State Road Department v. Outlaw, Fla.App. 1963, 148 So.2d 741.
It is incumbent upon a party who alleges error because of the refusal of the trial court to permit an alleged expert witness to testify to show that there has been an abuse of sound judicial discretion. This burden the plaintiff has failed to sustain. The testimony was properly excluded.
Plaintiff's third contention deals with the trial court's refusal to grant one of appellant's requested instructions. In view of the fact that the record on appeal fails to include a transcript of the charge conference, we will not assume the court passed upon the instruction when the jury instructions were settled. Seminole Shell Co. v. Clearwater Flying Co., Fla.App. 1963, 156 So.2d 543.
Appellant finally urges error on the part of the trial court in refusing to grant a new trial in view of all the evidence and that the verdict was contrary to the weight and sufficiency thereof.
We disagree. Appellant's motion for new trial was correctly denied by the trial court. There is substantial competent evidence presented to support the verdict. Conflicting evidence are questions for the jury.
Affirmed.
WALDEN, C.J., and WHITE, JOSEPH S., Associate Judge, concur.