PATTEN, GEORGE L., Associate Judge.
Defendants bring timely appeal of an adverse final judgment rendered in a personal injury action brought by Brooks McCarty and his subrogated compensation insurance carrier, Hartford Accident & Indemnity Company, against defendants as third party tort-feasors under the provision of the Florida Workmen’s Compensation Law. We affirm.
Defendants-Heinicke and Shaw decided to construct an addition to a building to be *476 leased to Heinicke Instruments Co., Inc. They entered into an oral contract with Arnold Anderson, a building contractor, to construct the shell. The finish work was to be done by Heinicke Instruments.
Anderson was to supervise construction subject to consultation with Heinicke regarding choice of subcontractors and bids. He was to receive a fee of 10 percent of the cost of construction.
Plaintiff-McCarty was a working foreman in the employ of Anderson for some twelve years and was to be foreman on the Heinicke job.
Construction of the shell progressed to the pouring of the concrete tie beam, a job which required the use of a crane. Hein-icke and Shaw also owned a crane which they offered for Anderson’s use in pouring the tie beam. William Jack was the crane operator in the employ of Heinicke.
Anderson decided to use the crane and its operator. During its use McCarty was knocked to the ground by the crane bucket and was seriously injured. He received substantial Workmen’s Compensation benefits from Anderson’s carrier, Hartford.
Hartford and McCarty then brought this action against defendants, alleging negligence on the part of Heinicke and Shaw in providing a crane, a dangerous instrumentality, in a defective condition, unsuited to the work for which it was offered.
The record in this case contains a number of assignments of error, however, the crux of the case is whether or not Anderson, the employer of Appellee-McCarty, was a general contractor for the Appellant-Heinicke. Testimony was introduced to both sustain and contradict this proposition and it was submitted to the jury under proper instructions by the court.
The court instructed the jury that a verdict could not be returned for McCarty if they found Anderson to be a general contractor. The court also defined to the jury the term “general contractor”. The jury determined this question adversely to appellants and as stated in Tooley v. Margulies, Fla.1955, 79 So.2d 421:
“The evaluation of conflicting testimony is properly a jury function, and it is the province of the jury to pass upon the credibility of the witnesses and to appraise the weight of the evidence. * * ”
Also, Bowser v. Harder, Fla.App.1957, 98 So.2d 752, when a verdict has been returned * * *.
“ * * * [IJt is clothed with a presumption of regularity which the appellate court cannot disturb if there was evidence from which a jury could properly have rendered the verdict which it did.”
Also in Cromer v. Thomas, Fla.App.1960, 124 So.2d 36, in an opinion by the Third District Court of Appeal of Florida, it was said that,
“Where construction is undertaken without a general contractor, and independent contractors are engaged to perform portions of the work, an employee of one such independent contractor, if injured in the course of such work by another independent contractor or by his employee, may bring suit against the latter independent contractor, under the authority of Jones v. Fla. Power Corporation, Fla.1954, 72 So.2d 285. * * * ”
The appellants have failed to carry the burden of showing any reversible error. Dowling v. Loftin, Fla.1954, 72 So.2d 283. The judgment is therefore affirmed.
CROSS and McCAIN, JJ., concur.