BARKDULL, Judge.
In an intersectional accident case, tried before a jury, with issues as to the negligence of both the plaintiff-driver and the defendant-driver, the trial court permitted evidence that the plaintiff-driver and the owner of the automobile he was driving settled property damage claims with one of the defendants. This should not have been permitted into evidence. See: Babcock v. Flowers, 144 Fla. 479, 198 So. 326, wherein the following syllabus is found:
* ‘ * * * * *
“4. In' tort action for personal injuries, the admission of testimony, over defendant’s objection that the defendant had stated that he would take care of plaintiff’s hospital bills was error since an agreement to pay expenses of an injured person constitutes no admission of actionable negligence on the part of the person making such agreement.”

*1214 The other points urged for reversal have been examined and found to be without merit.
The final judgment and the jury verdict adverse to the appellant, plaintiff-driver in the trial court, be and the same are hereby reversed and the cause is remanded to the trial court for a new trial.
Reversed and remanded, with directions.