362 So.2d 402 (1978)
Alton KELLY, Sandra Lee Kelly and Government Employees Insurance Company, Appellants,
v.
Alan C. KINSEY, Appellee.
No. GG-21.
District Court of Appeal of Florida, First District.
August 24, 1978.
*403 Robert P. Gaines of Beggs & Lane, Pensacola, for appellants.
James R. McAtee, Pensacola, for appellee.
MILLS, Judge.
Appellants (Kelly) appeal from a final judgment entered on a jury verdict in a suit brought by appellee (Kinsey) seeking damages for personal injuries arising out of an automobile-motorcycle collision. This is the second appearance of this case before us. In Kinsey v. Kelly, 312 So.2d 461 (Fla. 1st DCA 1975), we reversed a judgment in favor of Kelly because the jury verdict was contrary to the manifest weight of the evidence.
*404 Kelly contends the trial court erred in admitting certain opinion testimony of Dr. Bennett and contends that as a matter of law Kinsey was guilty of some negligence that was a legal cause of the collision. Kinsey contends the trial court erred in refusing to admit into evidence his request for admissions by which Government Employees Insurance Company, the Kellys' liability carrier, admitted that it settled Kinsey's motorcycle damage for $300.00.
The accident occurred at an intersection with a signal light. Ms. Kelly was in the left turn lane facing north. Kinsey was traveling south. Ms. Kelly made a left turn into the path of Kinsey's motorcycle. Kinsey did not attempt to change his course, but he applied his brakes. He hit the right rear fender of the automobile. Had Kinsey turned two feet to the left, he would have avoided the collision.
The tibia and fibula of Kinsey's right leg were fractured. As a result, his right leg is one-half inch shorter than the left.
An employment agency owner was of the opinion that Kinsey was a good candidate for employment as a combination radio-television announcer and advertising salesman. Dr. Bennett, a professor of finance, economics and statistics at the University of West Florida, was of the opinion that Kinsey would receive only two-thirds as much in annual earnings increase during his first ten years of employment in that field as the average person. This testimony was received over Kelly's objection. When asked how he arrived at this conclusion, Dr. Bennett stated it was a judgment matter and he believed that Kinsey would be unable to work with the intensity necessary to achieve the average rate. He admitted that he had no personal knowledge of the physical activity required of a combination radio-television announcer and advertising salesman. Kelly's motion to strike Dr. Bennett's testimony was denied.
In order to qualify as an expert in a given area, a witness must show that he has acquired special knowledge of the subject matter by either education, training or experience. Upchurch v. Barnes, 197 So.2d 26 (Fla. 4th DCA 1967). Expert testimony may be given only by persons skilled in the subject matter of the inquiry. Mills v. Redwing Carrier, Inc., 127 So.2d 453 (Fla.2d DCA 1961). The opinion of an expert witness cannot be used to form the basis for a conclusion in the absence of evidence. Arkin Construction Company v. Simpkins, 99 So.2d 557 (Fla. 1957). An opinion is worth no more than the reasons on which it is based. Le Fevre v. Bear, 113 So.2d 390 (Fla.2d DCA 1957).
It was not shown that Dr. Bennett had any expertise by either education, training or experience, in determining the effect of physical impairment on the ability of one engaged as a radio-television announcer and advertising salesman. It was not shown that he had qualifications in determining the effect of a one-half inch shorter leg on a radio-television announcer-salesman. Dr. Bennett's assumption that Kinsey would receive annual increases only two-thirds as great as the average employee in the field during the first ten years employment was not supported by the evidence. There was no evidence that the injury to and impairment of Kinsey's right leg would have any effect upon his earning capacity. The only reasons Dr. Bennett gave for his assumption were that it was a judgment matter or the use of common sense. These reasons caused his testimony to be speculative and to invade the province of the jury.
The effect of Dr. Bennett's testimony is apparent from the verdict. Kinsey received his medical treatment from the United States Navy. A separate award was made to it for the expense it incurred in treating Kinsey. The amount awarded to Kinsey individually was $55,000.00.
Kinsey was in the hospital for six weeks. He then returned to his regular duty as a dental technician at a base pay of $539.00 per month. He has since been promoted to E6, and at the time of trial was an administrative assistant to the senior dental officer.
At the time of trial, he was spending about 50 percent of his working time on his *405 feet. He had no difficulty doing the work, although he sometimes noticed soreness in his injured leg at night. He found that using a shoe with a lift made him more comfortable.
In view of this testimony, it is obvious that the jury verdict awarding $55,000.00 to Kinsey individually included in large part the figure given by Dr. Bennett as his opinion of the reduced earning capacity of Kinsey. That figure was $62,415.00 after reduction to present value at a discount rate of six percent. The jury was obviously influenced by Dr. Bennett's testimony. It was error to admit that testimony into evidence and the error was harmful.
The evidence contained in the record clearly indicates that jury issues were raised as to negligence and comparative negligence. The trial court properly submitted these issues to the jury after correctly instructing the jury on the applicable law. We agree with the trial court that Kinsey was not guilty as a matter of law of any negligence legally causing the collision. There was substantial evidence from which the jury could and apparently did find that he was traveling within the speed limit, on his side of the road, and on a green light, when Kelly suddenly pulled in front of him, proximately causing the collision.
The trial court did not err in refusing to receive Kinsey's request for admissions whereby Government Employees Insurance Company admitted that it settled his property damage claim for $300.00. Hernandez v. Parrott, 346 So.2d 1213 (Fla.3d DCA 1977).
We reverse the judgment as to the damage issue and remand to the trial court for a new trial on the issue of damages only. In all other respects we affirm the judgment.
BOYER, Acting C.J., and ERVIN, J., concur.