# STATE OF FLORIDA v TAMER
## Case No. 83-10888
Eleventh Judicial Circuit, Dade County
June 26, 1986

**APPEARANCES OF COUNSEL**

**Mark Springer,** Special Assistant State Attorney, for plaintiff.
**Mitchell Bloomberg** for defendant.

## OPINION OF THE COURT

PHILIP BLOOM, Circuit Judge.

The Defendant, Theodore S. Tamer, made a number of post-trial motions including one for a new trial. With respect to his Motion for New Trial, Defendant, relying on the case of *Husky Industries, Inc. v. Black*, 434 So.2d 988 (Fla. 4th DCA 1983), urges that the Court should not have permitted the testimony of witness Gopinath Rao (hereinafter "Rao"); or, in the alternative, the Court should have struck Rao's testimony.

In *Husky*, the trial Court permitted the testimony of a witness as an alleged expert. The "expert" witness in *Husky* did not have any expertise in the area of his testimony; did not have sufficient data upon

which to base an opinion; testified on dissimilar circumstances; testified upon guesswork; and testified on out of court experiments based on dissimilar facts. Obviously, the District Court of Appeal, per Pearson, Jr. *reversed.*

The *Husky* case is inapposite here. The prime differences in the *Husky* case and in the case at bar are that in *Husky*, the witness was called upon to speculate, whereas here, the witness Rao was called upon to testify upon concrete matters. In *Husky*, the witness was called upon to testify as to what could or should be, whereas here, witness Rao testified as to what is. These are crucial differences, and they are differences of kind, not degree.

Here, the Court sought not to prejudice the Defendant during the course of the trial by specifically not declaring witness Rao an "expert" before the jury. Instead, the Court dealt with each question separately. Here, witness Rao was permitted to testify as to his findings of four (4) specific items, each consisting of white powdery particles found on rubber gloves, in two paint type buckets, and in the rear cargo area of the station wagon driven by the Defendant the night of the fires. Here, witness Rao testified that after an analysis of the four white powdery substances, he "saw" the same structural and elemental composition in each and that the four substances came from the same source.

The question here is whether the witness should have been permitted to testify as to his observations and analysis of the white powdery substances as an "expert" or a "laymen". The Court concluded that either testimony would properly be admissible. However, it is also abundantly clear that the witness Rao had the overall qualifications by practical experience, training, or study, as an expert and to so testify with respect to the nature of the four (4) substances.

An "expert" is one who qualifies as such by reason of special knowledge whether by statute, license, knowledge, experience or study.

In order to decide properly the Motion for New Trial on this point, the testimony of witness Rao was transcribed prior to the Court rendering its decision in this Order. The Court reviewed that transcript and Rao's qualifications, among other things, showed the following: occupation, criminalist for Metro Dade Crime Lab for 4 years (p3); duties are elemental comparison of different substances (p4); skilled in use of electron microscope in conjunction with chromatography-scanning (p4); bachelor of science degree and diploma in scanning electron microscopy in micro organisms and courses with respect to electron microscopy (p4); teaching post graduate students in electron microscopy (p4); accepted as a qualified expert in electron microscopy 30 to

40 times (p5); member of professional society (p6); knows the differences between scanning and transmission electron microscope (p11); analyzed the four substances and saw the structural pattern and elemental composition (p16); testified as to the four elements in each substance (p18); equipment used is infallible when used by witnesses (p22); and checked his results by microscopic appearance of substances (p16). See *Kelly v. Kinsey*, 362 So.2d 402, 404 (Fla. 1st DCA 1978):

> In order to qualify as an expert in a given area, a witness must show that he has acquired special knowledge of the subject matter by either education, training or experience. Upchurch v. Barnes, 197 So. 2d 26 (Fla. 4th DCA 1967). Expert testimony may be given only by persons skilled in the subject matter of the inquiry. Mills v. Redwing Carrier, Inc., 127 So.2d 453 (Fla. 2d DCA 1961). Arkin Construction Company v. Simpkins, 99 So.2d 557 Fla. 1957).

Finally, the Court gave the Standard Jury Instructions on "expert witnesses". Included in that charge was that an expert's opinion is only reliable when given on a subject about which you (the Jury) believe him to be an expert, and like other witnesses you (the Jury) may believe or disbelieve all or any part of an expert's testimony.

The Court was extremely fair with respect to the Defendant insofar as the testimony of Gopinath Rao was concerned, and witness Rao clearly did qualify as an expert on the matters about which he testified at this trial. See *Executive Car and Truck Leasing v. DeSerio*, 468 So.2d 1027, 1028 (Fla. 4th DCA 1985).

Based on the foregoing, and no reversible errors or oversights having been shown to the Court, Defendant's Motion for New Trial is denied in all respects.

DONE AND ORDERED in Chambers in the Circuit Court, Dade County, Florida this 26th day of June, 1986.