497 So.2d 982 (1986)
Keith L. HOOKER, Appellant,
v.
STATE of Florida, Appellee.
No. 85-364.
District Court of Appeal of Florida, Second District.
November 19, 1986.
*983 James Marion Moorman, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
We affirm defendant's conviction for second degree murder but remand for further consideration of the sentence.
Defendant was convicted of second degree murder for shooting at night into a trailer which he had reason to believe was occupied, which he believed to be occupied, and which was occupied. He killed one of the occupants, Mario Ortiz, a Guatemalan farm worker. The evidence is clear that defendant fired the shot while he was with a group of men who had gone to the area with the avowed purpose of looking for Mexicans to run out of town. Defendant first contends, citing Mathis v. State, 45 Fla. 46, 34 So. 287, 293 (Fla. 1903), that he should have been convicted of third degree murder. We disagree. We agree with the state's argument that defendant's activities fell squarely within the statutory definition of second degree murder, to wit, an act "imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design... ." Section 782.04(2), Fla. Stat. (1985). See Manuel v. State, 344 So.2d 1317, 1319 (Fla. 2d DCA 1977) ("The depravity of mind required in second degree murder has been equated with malice in the commonly understood sense of ill will, hatred, spite or evil intent."); Marasa v. State, 394 So.2d 544, 545 (Fla. 5th DCA 1981) ("An act is one imminently dangerous to another and evincing a depraved mind if it is an act which (1) a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another, (2) is done from ill will, hatred, spite, or an evil intent, and (3) is of such a nature that the act itself indicates an indifference to human life.").
The following language from Mathis does appear to support defendant's contention: "The unlawful killing of a human being without any design to effect death by one who wantonly or maliciously shoots at or in any dwelling or any other house which is being used or occupied is murder in the third degree." But we do not believe that that language, which is dicta, should be construed as limiting a conviction to third degree murder under the circumstances of this case. The jury was also instructed on third degree murder, and its *984 verdict of second degree murder was supported by the evidence.
Contrary to defendant's second contention, we do not conclude that the trial court's instruction on third degree murder was erroneous and reversible error. Florida E. Coast Ry. v. Lawler, 151 So.2d 852 (Fla. 3d DCA 1963); Owca v. Zemzicki, 137 So.2d 876 (Fla. 2d DCA 1962).
Contrary to defendant's third contention, we do not conclude under the circumstances of this case that there was reversible error in the trial court's exercise of its discretion in refusing to conduct an inquiry of jurors after defense counsel stated that he overheard one juror comment to another juror about the facts of the case. See United States v. Chiantese, 582 F.2d 974 (5th Cir.1978).
As his fourth contention, defendant argues that the trial court erred in leaving blank in the sentence form the space allowing credit for time served. See § 921.161(1), Fla. Stat. (1985). The state agrees. We remand for the trial court to consider and rule upon credit for time served.
The conviction is affirmed. The sentence is reversed and remanded for computation of the correct credit time.
DANAHY, C.J., and FRANK, J., concur.