PER CURIAM.
This is an appeal by plaintiffs below from a final judgment entered by the Circuit Court of Dade County in favor of the defendants following a jury verdict of not guilty in an action for personal injuries.
Plaintiffs seek reversal of the judgment and a new trial on the ground that the trial court erred to the prejudice of the plaintiffs in denying the request of the plaintiffs to exercise their remaining peremptory challenge prior to the time the jury was sworn.
The controlling facts upon which we must base our decision are contained in the following stipulation:
“COME NOW the plaintiffs and the defendant, by and through their undersigned attorneys, in accordance with Rule 3.6(h) and stipulate and agree that for all Appellate purposes and any other purposes that the record of the proceedings in the trial court for the trial of the above-styled cause shows the following:
“1. That this case was tried before a jury in the Circuit Court in Dade County, Florida.
“2. That the plaintiffs were allowed three peremptory challenges in their voir dire selection.
“3. That the plaintiffs exercised two peremptory challenges during their voir dire selection.
“4. That after the plaintiffs’ attorneys tendered the jury panel for questioning to the defendant’s attorney and after the defendant’s attorney accepted the jury but before the jury was sworn, the plaintiffs’ attorney attempted to exercise his one remaining unused peremptory challenge by requesting the Court that he be allowed to do so; however, the Court denied such request, holding that the jury had been tendered by the plaintiffs.
“5. That no reason was given by plaintiffs’ attorney as to why he desired to use his last peremptory challenge other than stating he desired to use such challenge before the jury was sworn.
“6. That the plaintiffs’ attorney was not allowed by the Court and was therefore unable to use his last remaining peremptory challenge before the jury was sworn.
“7. That the jury was sworn, the case tried and a verdict was returned in favor of the defendant.
“8. That the plaintiffs desire to appeal from the final judgment for the defendant, and to claim as reversible error the failure and refusal of the trial court to permit the plaintiffs to exercise their remaining peremptory challenge as set forth herein.”
We have considered appellants’ contention in the light of the stipulation which shows a tender of the jury to the defendants for questioning and have concluded that it was reversible error for the trial court to deny plaintiffs the right to exercise their third peremptory challenge. [Emphasis supplied.]
Reversed and remanded for a new trial.