280 So.2d 520 (1973)
Joy BROWN and William Brown, Her Husband, Appellants,
v.
McARTHUR DAIRIES, INC., a Florida Corporation, and Winn-Dixie Stores, Inc., a Florida Corporation, Appellees.
No. 71-1079.
District Court of Appeal of Florida, Third District.
July 10, 1973.
Baxter & Friedman, North Miami Beach, for appellants.
*521 Knight, Peters, Hoeveler, Pickle, Neimoeller & Flynn, Jeanne Heyward, Fowler, White, Humkey, Burnett, Hurley & Banick, Miami, for appellees.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
PEARSON, Judge.
The appellant, Joy Brown was injured when she tripped on a milk crate left in a supermarket aisle. She sued McArthur Dairies, Inc., whose deliveryman had left the crate in the aisle, and Winn-Dixie Stores, Inc., whose manager operated the supermarket. The defendant McArthur Dairies received a directed verdict in its favor at the conclusion of the plaintiff's case. The jury returned a verdict for the defendant Winn-Dixie. The plaintiff has appealed the respective judgments entered for the two defendants at the conclusion of the trial. We reverse both judgments.
Mrs. Brown entered the Winn-Dixie supermarket at about three o'clock in the afternoon on January 17, 1967. She went directly to the dairy counter. As she turned to leave the counter she struck her leg against a milk crate and was injured. The crate was made of metal and was approximately one foot high. It had been left against the counter at about seven-thirty in the morning by the milk deliveryman.
The trial judge directed a verdict for McArthur upon the ground that the failure of the employees of the supermarket to remove the milk crate during a six hour period beginning at the time the supermarket opened and continuing until the injury occurred, constituted an independent, intervening, efficient cause of the injury. McArthur supports this view by the citation of Sea Board Air Line Ry. Co. v. Watson, 94 Fla. 571, 113 So. 716 (1927); Atlantic Coast Line R. Co. v. Webb, 112 Fla. 449, 150 So. 741 (1933), and Adair v. Island Club, Fla.App. 1969, 225 So.2d 541.
There can be no doubt that under the law expressed in the cited cases the negligence of a defendant must be a proximate cause of the plaintiff's injury in order for the plaintiff to recover. It is also clear that where there is the intervention of an independent efficient cause producing the plaintiff's injury, then the defendant's initial negligence cannot be said to be the proximate cause. The question here is: Does it appear as a matter of law from the plaintiff's case that the failure of defendant Winn-Dixie to discover defendant McArthur's negligence acted as an independent, intervening, efficient cause of the plaintiff's injury? We think that it does not appear as a matter of law that it did so act. Therefore, the directed verdict for McArthur was improperly entered. We reach this conclusion because a jury might reasonably find that McArthur was negligent and that its continuing negligence was later joined by the negligence of the store operator. Both McArthur and Winn-Dixie had a corresponding duty to conduct their business so that the plaintiff and others would not be exposed to unreasonable risks during the time that the supermarket was open to the public. The alleged negligence of the operator of the store if found to be a cause of the plaintiff's injury, does not constitute the type of conduct which expunges the alleged negligence of the deliveryman. Sardell v. Malanio, Fla. 1967, 202 So.2d 746.
The appellant's points directed to the final judgment for the appellee Winn-Dixie urge several errors. First, it is claimed that the court committed prejudicial error in admitting evidence of a prior accident in which the plaintiff was involved. We think that the testimony which was developed upon cross-examination was proper for the purpose of impeaching the prior testimony of the plaintiff. See Shalley v. Fiore, Fla.App. 1964, 161 So.2d 18.
Second, it is urged that the court erred in denying the plaintiff-appellant the right to exercise one of her remaining peremptory challenges. The situation arose *522 after the appellant had tendered the jury. It is pointed out that the appellant inaccurately used the words "[w]e will accept the jury, Your Honor", but the court correctly stated "[p]laintiff tenders". Thereafter, but before the jury was sworn, the appellant attempted to use this remaining peremptory challenge. See Fla. Stat. § 53.011, F.S.A. The court denied the appellant's right without stating the basis for his ruling. The denial of the right to use a remaining peremptory challenge was clearly error. Paris v. Bartfield, 160 Fla. 87, 33 So.2d 713 (1948); Barker v. Randolph, Fla.App. 1970, 239 So.2d 110; Funland Park, Inc. v. Dozier, Fla.App. 1963, 151 So.2d 460.
Another error assigned by the appellant should be discussed in view of the fact that this cause must be retried. We think that the trial judge improperly instructed the jury upon the duty of a plaintiff to observe existing conditions. The type of factual situation presented by the case at bar warrants the application of the principle of law set forth in City of Jacksonville v. Stokes, Fla. 1954, 74 So.2d 278. See also McRae v. Winn Dixie Stores, Inc., Fla.App. 1969, 227 So.2d 214.
The appellees have each contended that the judgments should be affirmed because it distinctly appears as a matter of law that the injured plaintiff was guilty of contributory negligence barring her recovery. Among the cases relied upon to support affirmance are Chambers v. Southern Wholesale, Inc., Fla. 1956, 92 So.2d 188; Becksted v. Riverside Bank of Miami, Fla. 1956, 85 So.2d 130; Earley v. Morrison Cafeteria Co. of Orlando, Fla. 1952, 61 So.2d 477, and Isenberg v. Ortona Park Recreational Center, Inc., Fla.App. 1964, 160 So.2d 132. It is clear that there are cases where the obstruction causing injury is so large or so placed that a jury of reasonable men could not differ upon the issue, but we do not think that the instant cause is an example of such a case. Therefore, it is governed by the principles set forth in City of Jacksonville v. Stokes, supra; and Winn Dixie Stores, Inc. v. Williams, Fla. App. 1972, 264 So.2d 862, and authorities cited therein. In the Williams case, the following points concerning contributory negligence are elucidated:
* * * * * *
"The question of contributory negligence is whether plaintiff used due care for her own safety taking into account all the circumstances, of which the visibility of the object encountered is an important one but still only one of the circumstances."
* * * * * *
"Contributory negligence is normally a question for the jury and only when there is no basis upon which a plaintiff should be permitted to recover by virtue of her own negligence is a court justified in taking a cause from the jury on a plea of contributory negligence."
* * * * * *
We therefore decline to hold, as the trial judge initially declined to hold, that the injured appellant was guilty of contributory negligence as a matter of law.
Since we have reached the conclusion that prejudicial error occurred during the trial the judgment for the defendant Winn-Dixie Stores, Inc., is reversed with directions to grant the plaintiff a new trial. As we have also reached the conclusion that the directed verdict for McArthur Dairies, Inc., was improperly entered, the judgment for McArthur is reversed with directions to proceed to trial thereon. Accordingly, the judgments appealed are reversed and the cause is remanded with directions.
Reversed and remanded.