312 So.2d 795 (1975)
Joseph SABORIT, a Minor by and through His Father and Next Friend, Joseph Saborit, Sr., Individually, Appellants,
v.
Worthy DELIFORD et al., Appellees.
No. 74-732.
District Court of Appeal of Florida, Third District.
May 13, 1975.
*796 Levenstein & Burke, Miami and Linda Dakis, Miami, for appellants.
Talburt, Kubicki & Bradley and Robert J. Dickman, Miami, for appellees.
Before BARKDULL, C.J., HENDRY, J., and CHARLES CARROLL (Ret.), Associate Judge.
CARROLL, CHARLES, (Ret.), Associate Judge.
In personal injury action arising out of a motor vehicle collision, the jury decided against the plaintiffs, and in favor of a defendant on its counterclaim for damages to its business vehicle which was involved. Judgment was entered thereon and plaintiffs appealed.
Appellants argue two rulings of the trial court were reversible errors. One was denial of the right of plaintiffs' attorney to exercise retained peremptory challenges to two jurors following questioning of the panel on voir dire by defendants' attorney, after the plaintiffs' attorney had tendered the jury following his questioning of the panel. The other was by charging the jury that the no fault law was applicable to this case and that the plaintiffs could not recover unless the jury should find that the injured plaintiff had suffered some permanent injury.
In refusing to permit plaintiffs' attorney to exercise the peremptory challenges, the trial court appears to have been of the view that after the plaintiffs' attorney had questioned the panel on voir dire, when he "tendered", and later added that he considered the jury would be fair and impartial, the plaintiffs' attorney thereby had made an unconditional acceptance of the jury so as to preclude him from exercising a challenge after further voir dire examination of the panel by defendants' attorney, even where the latter's examination of the panel furnished reason in the mind of plaintiffs' attorney to exercise peremptory challenges to two of the members of the panel. In that conclusion the trial court was incorrect.
After questioning the panel, the tender by the plaintiffs' attorney was as follows:
"MR. FRANK: We tender the jury.
THE COURT: You accept the jury?
MR. FRANK: No further questions. We are satisfied it will be a fair and impartial jury."
The attempt of the plaintiffs' attorney to exercise challenges, after further questioning *797 of the panel on voir dire by the defendants' attorney, and the ruling of the court thereon, are shown in the record as follows:
"MR. KUBICKI: The defendants accept the jury.
(The following discussion was then had at Bench, out of the hearing of the Jury:)
MR. FRANK: Your Honor, at this time I would like to exercise a peremptory challenge because based on the answers given to Mr. Kubicki's questions and what she indicated, that  well, in my mind, in my judgment, I would like to exercise a peremptory challenge.
MR. KUBICKI: Let him be more specific as to what he wants.
MR. FRANK: That is not my wish."[1]
* * * * * *
"MR. FRANK: I am also thinking of exercising a challenge to Miss Harrison because I feel she and Mr. Kubicki have a very good identity.
THE COURT: Motion denied.
MR. FRANK: But I have not exercised my challenges on this panel.
THE COURT: Motion denied."
When a plaintiff's attorney, after questioning a jury panel on voir dire (during which he may or may not have exercised some of the plaintiff's peremptory challenges) is satisfied with the panel at that stage and is ready to submit it for voir dire examination by the defendant's attorney, there is no precise expression or language fixed by rule of the court for tendering the panel. In practice it is done in a variety of ways, such as by a plaintiff's attorney saying: "No further questions", or "You may inquire", or "I tender the jury for questioning", or "I tender", or even by stating "I accept the jury". Tendering of the jury to the defendant at that stage of the voir dire examination, by use of any such language, is to be regarded as conditional. This is so because even if the defendant's attorney, upon questioning the panel, does not exercise a peremptory challenge and announces acceptance of the panel, it may and frequently does occur that because of something brought out by the questioning of the defendant's attorney, or some attitude of a juror during such later questioning the plaintiff's attorney then may choose to exercise a peremptory challenge to a juror or jurors on the panel  as in fact occurred in this case.
Refusal to allow plaintiffs' attorney to exercise the peremptory challenges was error. Mann v. State, 23 Fla. 610, 3 So.2d 207; Grabow v. Lehrer, Fla.App. 1969, 224 So.2d 767; Barker v. Randolph, Fla.App. 1970, 239 So.2d 110, 113; Cuervo v. Garcia, Fla.App. 1971, 246 So.2d 579; Brown v. McArthur Dairies, Inc., Fla.App. 1973, 280 So.2d 520.
Thus in Barker v. Randolph, supra, the court said: "It is not infrequent that the answer to a question or questions propounded by opposing counsel develops a lead indicating a juror may not be impartial in his views or thinking."
In Brown v. McArthur Dairies, Inc., supra, after his voir dire examination of the jury panel the plaintiff's attorney stated: "We will accept the jury, Your Honor". The trial court, correctly recognizing that the "acceptance" of the panel by the plaintiff's attorney at that stage was conditional, stated "Plaintiff tenders". However, in that case after the defendant's attorney questioned the jurors on voir dire and accepted the panel, the trial court refused to permit the plaintiff's attorney to exercise a remaining peremptory challenge. On appeal it was held that ruling was error.
In the instant case, the ruling of the trial court which precluded the plaintiffs' *798 attorney from challenging two of the jurors cannot be said to have been a harmless error, where the panel that was then sworn decided the case adversely to the plaintiffs. Denial to a litigant of peremptory challenges to which he is entitled constitutes reversible error. Funland Park, Inc. v. Dozier, Fla.App. 1963, 151 So.2d 460.
Further, the jury charge complained of by the appellants was inappropriate on the evidence, under §§ 627.727, 627.731 and 627.732(1), Fla. Stat., F.S.A. When one received injuries which result from a collision with a pickup or panel truck used primarily in the business of its defendant owner, such party is entitled to maintain a personal injury action against the owner and/or authorized driver thereof without regard to whether his injuries included some permanent injury. Camacho v. Allstate Insurance Company, Fla.App. 1975, 310 So.2d 330.
Judgment reversed, and cause remanded for new trial.
NOTES
[1] In exercising a peremptory challenge it is not necessary to state any cause or reason therefor.