408 So.2d 630 (1981)
FLORIDA ROCK INDUSTRIES, INC., a Florida Corporation, Appellant,
v.
UNITED BUILDING SYSTEMS, INC., a Florida Corporation, and John Wilnau, Appellees.
No. 80-364.
District Court of Appeal of Florida, Fifth District.
December 16, 1981.
Rehearing Denied January 20, 1982.
*631 Robert A. Hannah of Pitts, Eubanks & Ross, P.A., Orlando, for appellant.
Arnold R. Ginsberg of Horton, Perse & Ginsberg, Miami, for appellees.
COBB, Judge.
In this case the plaintiffs, John Wilnau and United Building Systems, Inc., (U.B.S.) brought an action for compensatory and punitive damages alleging conversion, trespass to chattels and trespass to land against the corporate defendant, Florida Rock, and individual defendants Thomas Pulsifer and John Pulsifer. Verdicts awarded compensatory and punitive damages against Florida Rock in favor of U.B.S. and Wilnau. The defendants Pulsifer were found free of liability. On appeal, Florida Rock raises multiple points. Only one has merit, but that requires reversal for a new trial.
During voir dire the trial court utilized a jury selection system of placing twenty-four prospective jurors in the jury box. Counsel for each side was allowed to question these twenty-four jurors, after which a bench conference, outside the hearing of the jurors, was held for the purpose of exercising peremptory challenges. Beginning with the first juror, the judge asked each side if a peremptory challenge was to be used. Under this method, for example, if the plaintiff were to exercise a challenge as to the first juror, then jurors in seats two through seven would be the jury, pending the exercise of further challenges. This procedure was repeated for each juror in sequence.
During the course of this procedure, and while counsel for the defendant Florida Rock had peremptory challenges remaining, said counsel attempted to "back-strike" a prospective juror already tentatively accepted. This was disallowed by the trial court, unless counsel could show "a special reason" for such challenge. Counsel responded that his reason was the over-all composition of the panel as it then stood, the fact that he had peremptory challenges remaining, and the fact that the jury had not yet been sworn. This motion to strike an "earlier" juror from whom consideration had shifted was denied by the trial judge.
Various Florida cases have considered the denial by a trial court of the exercise of peremptory challenges prior to the swearing of a jury. In Saborit v. Deliford, 312 So.2d 795 (Fla. 3d DCA 1975), cert. denied, 327 So.2d 32 (Fla. 1976), the plaintiff's attorney questioned the jury and tendered it to the court. Before the jury was sworn, he attempted to exercise his remaining peremptory challenge and this was summarily denied by the trial court. The appellate court observed that when an attorney has concluded his questions to a panel, there are infinite modes of tendering the panel for further questioning ("I tender," "I accept the jury," "No further questions," etc.)  but all such language is to be regarded as conditional because anything can change with further questions and even further attorney contemplation, all of which may continue up until that terminal moment when the jury is sworn. Saborit, citing Funland Park, Inc. v. Dozier, 151 So.2d 460 (Fla. 3d DCA), cert. discharged and petition dismissed, 157 So.2d 815 (Fla. 1963), and various *632 other appellate cases, held that the denial to a litigant of peremptory challenges to which he is entitled constitutes reversible error.
In Brown v. McArthur Dairies, Inc., 280 So.2d 520 (Fla. 3d DCA 1973), the plaintiff's attorney questioned the jury and then tendered it to the court. Before the jury was sworn, the attorney attempted to exercise his remaining peremptory, and the trial court denied this motion without giving any basis for the ruling. The appellate court accorded a new trial because of this error. See also Grabow v. Lehrer, 224 So.2d 767 (Fla. 3d DCA 1969).
Florida Rule of Civil Procedure 1.431, which deals with peremptory challenges, contains no requirement that a "reason" be established for the exercise of a peremptory challenge. A party litigant, whether plaintiff or defendant, is entitled to consider the panel as a whole at any time that litigant has peremptory challenges remaining, and exercise those challenges at any time until the jury is sworn. The denial of this right was error, and the error was preserved by the defendant's motion to peremptorily challenge a juror, which was denied. We cannot accept the appellees' contention that Florida Rock acquiesced in the voir dire procedure utilized below. It asked to be allowed to strike a previously selected juror and this was refused by the trial court absent the showing of some "special reason."
The appellees rely on the case of Jones v. State, 332 So.2d 615 (Fla. 1976), as authority in support of the voir dire procedure utilized in this case. We do not read Jones to support that proposition. Indeed, in Jones the Florida Supreme Court held:
We find that the court's policy directly contravenes the established case law, as well as Rule 3.310, R.Cr.P., which provides that a defendant may challenge a prospective juror before the juror is sworn to try the case.
Nevertheless, because the evidence of the defendant's guilt in Jones was so clear and convincing the error was held to be harmless. Given the conflicting and disputed areas in the instant case, we cannot utilize the harmless error statute[1] to affirm the judgment below despite the patent voir dire error.
Accordingly, the judgment below is reversed and the cause remanded for a new trial against the defendant, Florida Rock Industries, Inc., in respect to the claims for compensatory and punitive damages by United Building Systems, Inc., and John Wilnau.
REVERSED and REMANDED.
DAUKSCH, C.J., and COWART, J., concur.
COBB, J., did not participate at oral argument.
NOTES
[1] §§ 59.041 and 924.33, Fla. Stat. (1979).