438 So.2d 404 (1983)
Omar BLANCO and Enrique Gonzalez, Appellants,
v.
STATE of Florida, Appellee.
Nos. 82-1095, 82-1336.
District Court of Appeal of Florida, Fourth District.
August 31, 1983.
Rehearing Denied October 26, 1983.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and Sharon Lee Stedman, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
The defendants appeal their convictions for armed robbery and armed burglary claiming that they were denied their right to "backstrike" a juror and that their apartment was subjected to an illegal search and seizure. We agree on both counts and reverse.
Challenges to jurors may be exercised at any time before the jury is sworn Denham v. State, 421 So.2d 1082 (Fla. 4th DCA 1982), and it matters not whether this right is exercised by backstriking. We are *405 fully aware that trial judges dislike this practice and we sympathize with them. However, the law is clear.
As to the search and seizure of contraband in the apartment without a warrant, the police were given permission to enter by the landlord. However, the two defendant tenants had executed a series of written agreements which, when taken together, were tantamount to a year's lease still in force and effect.[1]
The State argues that under the terms of the agreement the landlord had the right to enter. We agree, but that right was for reasonable access for inspection purposes and in order to spray for infestations. Inviting the police to enter and search the apartment is another matter altogether.
Nor are we impressed with the State's insistence that the defendants had been orally told to deliver up the premises. First of all, we question the landlord's right to evict them and second, no written notice was given as required under the Landlord Tenant Law. The State's final argument that the defendants were three days late on their monthly rent also falls short of the kind of occurrence that would permit the landlord to invite the police to search.
In short, a warrant should have been obtained and we reverse the trial judge's denial of the motion to suppress the fruits of that search. See Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964) and Chapman v. United States, 365 U.S. 610, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961).
We either find no merit in or see no need to address the remaining points on appeal.
REVERSED AND REMANDED.
DOWNEY and DELL, JJ., concur.
NOTES
[1] We do not share the public defender's confidence that the "rental agreement" was a valid one year lease. However, that agreement taken in pari materia with the application form and the deposit receipt, did have that effect.