PER CURIAM.
Although we agree that a trial court has broad discretion to control the manner in which peremptory challenges are to be exercised, see Eastern Air Lines, Inc. v. Gellert, 438 So.2d 923 (Fla. 3d DCA 1983), and the cases cited therein, the trial court’s refusal to permit the plaintiff an opportunity to exercise his last remaining peremptory challenge prior to the jury’s being sworn is reversible error, see O’Connor v. State, 9 Fla. 215 (1860); Saborit v. Deliford, 312 So.2d 795 (Fla. 3d DCA), cert. denied, 327 So.2d 32 (Fla.1976). Accordingly, the final judgment under review is reversed and the action is remanded for a new trial.
Reversed and remanded.