GREEN, OLIVER L., Jr., Associate Judge.
This cause arises from the appellant’s conviction and sentence for violating section 718.202(7), Florida Statutes (1979). We uphold the constitutionality of section 718.202, but reverse for other reasons.
The facts are that the appellant operated a condominium development business so that a corporation known as Sea Cabin, Inc. became his alter ego. The proof of this is evidence from the manner in which the appellant utilized condominium parcel purchase funds for purposes which were not authorized by section 718.202. The appellant, therefore, qualified as a condominium developer under the statute. Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla.1984); Vantage View, Inc. v. Bali East Development Corp., 421 So.2d 728 (Fla. 4th DCA 1982); Levenstein v. Sapiro, 279 So.2d 858 (Fla.1973); Aztec Motel, Inc. v. State ex rel. Faircloth, 251 So.2d 849 (Fla.1971).
The appellant complains about venue in that certain relevant transactions in this ease occurred outside Broward County. It appears from the transcript the appellant stipulated that venue was properly vested in Broward County, and the circumstances of this case justify placement of venue there. §§ 910.05, 910.06; Copeland v. State, 457 So.2d 1012 (Fla.1984); Tucker v. State, 417 So.2d 1006 (Fla. 3d DCA 1982). The essential facts upon which the appellant was convicted are that he obtained funds from condominium parcel purchasers and failed to deposit these funds in an approved escrow account as required by section 718.202, although construction, furnishing, and landscaping of the property submitted to condominium ownership were never substantially completed.
The appellant complains that the provisions of section 718.202 violate due process because they are ambiguous and arbitrary. We disagree. The section provides in precise and easily understood terms a condominium developer’s obligations with reference to receiving and handling condominium parcel purchase funds. The wisdom of the legislature in its effort to protect an unsuspecting segment of society can be seen from the facts of this case.
It might have been simpler and more to the point for the legislature to merely restrict use by a developer of any such purchase funds, as opposed to specifying the type of escrow accounts that should be utilized; however, we can understand that the enacting body foresaw payment into the specified escrow accounts as a key to all else that is required by the section. We are mindful that the subject law places no specific controls over the escrow agent or agency receiving the funds, however, we do not perceive this as a defect.
The facts of this case are such that we could affirm except that we hold the information which purports to charge crimes under section 718.202(7) is fundamentally defective and the appellant was convicted and sentenced for nonexistent crimes. Section 718.202(7), the sole criminal enforcement provision of the statute, provides as follows:
“Any developer who willfully fails to pay all required funds into the escrow accounts required by this section is guilty of a felo *1198 ny of the third degree, punishable as provided in s.775.082, s.775.083, or s.775.084.”
The appellant was convicted of Counts II and III of the information. These counts are titled “Theft of Condominium Deposits by Prohibited Use.” Each count basically charges that the appellant
did willfully use prior to closing the transaction ... a portion of funds, paid to him prior to commencement of construction on a contract for the purchase of a condominium or which were required to be held in a special account for salaries, commissions, or expenses of salesmen, or for advertising, or for other purposes other than the actual construction and development of the condominium property in which the unit to be sold was located, or for construction purposes absent an express provision, including required legend in the contract for sale which authorized such use, contrary to F.S. 718.202(2), F.S. 718.202(3), and F.S. 718.202(7).
We note that no statute other than section 718.202 is listed in Counts II and III of the information. The appellant was sentenced pursuant to his conviction on Counts II and III for the crimes of “Theft of Condominium Deposits by Prohibited Use.”
We do not know why the state did not simply charge the appellant with having willfully failed to pay all required funds into a required escrow account. The subject of theft is not mentioned in section 718.202, and, indeed, the act of theft is not a necessary ingredient of a violation of the statute. A developer might commit other crimes when he willfully fails to pay all required funds into a required escrow account, however, no such crimes were properly charged in the instant case. For example, the willful failure to pay funds into an approved escrow account is an act entirely different from willfully using, prior to closing, a portion of the funds. Lastly, even if the wording of Counts II and III of the information could be interpreted so that the provisions of section 718.202(7) are said to be lodged therein, one is left with the dilemma that the appellant was convicted and sentenced for nonexistent crimes. There is no such crime as “Theft of Condominium Deposits by Prohibited Use” provided for in section 718.202. The information is dismissed without prejudice.
Since this case is being remanded, we comment on one other matter properly raised by the appellant. A procedure was employed in the course of jury selection below so that the appellant was effectively precluded from exercising backstrike peremptory challenges. We hold that a trial judge is prohibited from restricting parties from backstriking prospective jurors. We also believe the better procedure, under ordinary circumstances, is to swear the jury as a body rather than singly, as was done in this case. Rivers v. State, 458 So.2d 762 (Fla.1984); Valdes v. State, 443 So.2d 223 (Fla. 1st DCA 1983); Blanco v. State, 438 So.2d 404 (Fla. 4th DCA 1983); Grant v. State, 429 So.2d 758 (Fla. 4th DCA 1983).
REVERSED.
WALDEN and BARKETT, JJ., concur.