475 So.2d 1266 (1985)
Roxanne DOBEK, As Mother and Next Friend of Alan Dobek, and Roxanne Dobek and David Dobek, Individually, Appellants,
v.
Dr. Yvette ANS, Ans, Rubin, Ans & Flax, M.D., P.A., and the Florida Patients Compensation Fund, Appellees.
No. 84-1494.
District Court of Appeal of Florida, Fourth District.
August 28, 1985.
Certification and Rehearing Denied October 17, 1985.
R. Fred Lewis of Magill, Reid, Lewis & Ricca, P.A., Miami, for appellants.
Jay S. Weiss of Schwartz, Steinhardt, Weiss & Weinstein, P.A., North Miami Beach, for appellees-Dr. Yvette Ans, Ans, Rubin, Ans & Flax, M.D., P.A.
Larry E. Metz of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee-Florida Patients Compensation Fund.
GOLDMAN, MURRAY, Associate Judge.
This is an appeal by the plaintiffs below from a final judgment entered in favor of the defendants following a jury verdict of not guilty in a medical malpractice action. Plaintiffs claim that the trial court erred in denying plaintiffs' request to exercise a peremptory challenge prior to the time the jury was sworn. We agree and reverse.

JURISDICTION
The absolute right of an accused in a criminal trial to exercise a peremptory challenge at any time before the jury is sworn dates back to O'Connor v. State, 9 Fla. 215 (1860) and has been followed consistently. Mann v. State, 23 Fla. 610, 3 So. 207 *1267 (1887); section 913.04, Florida Statutes.[1] In 1967, the Florida Rules of Criminal Procedure were promulgated, and Rule 3.310 provides: "The State or defendant may challenge an individual prospective juror before the juror is sworn to try the cause; ... ."
The rule adopted by the supreme court followed the existing law of the state, and since its adoption the courts of this state have uniformly held, in interpreting it, that a defendant has the right to retract his acceptance and object to a juror at any time before the juror is sworn. Shelby v. State, 301 So.2d 461 (Fla. 1st DCA 1974); Walden v. State, 319 So.2d 51 (Fla. 1st DCA 1975); Blanco v. State, 438 So.2d 404 (Fla. 4th DCA 1983); Matthews v. State, 451 So.2d 973 (Fla. 4th DCA 1984).
The procedure for jury selection in civil trials is governed by Florida Rule of Civil Procedure 1.431. The rule does not make specific reference to the time when a peremptory challenge must be made.
Absent a specific rule, it is necessary and proper for us to apply the common law of this state to determine if the procedure utilized by the trial judge in jury selection was erroneous.

FACTS
Jury selection began with the seating of twelve veniremen. Each side was given the opportunity to question the prospective jurors, and several were excused for cause.
Peremptory challenges were to be exercised in writing by each side simultaneously. This was done in rounds, and was to continue until all challenges had been exhausted, or until a panel was acceptable to both sides.
Two challenges were exercised on the first round. No challenges were exercised on the second round and the trial judge announced that the selection of alternate jurors would begin. Plaintiff immediately sought to exercise a remaining peremptory challenge, but was denied the right to do so. The jury was then sworn and ultimately returned a verdict in favor of the defendant. Final judgment was entered in favor of defendant and plaintiffs' motion for a new trial was denied.

ISSUE
The issue clearly before this court is whether the trial judge erred in denying a party the right to exercise a remaining peremptory challenge prior to the time the jury was sworn.

LAW
The issue before us has been considered and discussed numerous times by the courts of this state. Perhaps the clearest statement of the law is found in Florida Rock Industries v. United Building Systems, 408 So.2d 630 (Fla. 5th DCA 1982), wherein it is stated:
A party litigant, whether plaintiff or defendant, is entitled to consider the panel as a whole at any time that litigant has peremptory challenges remaining, and exercise those challenges at any time until the jury is sworn. The denial of this right was error, and the error was preserved by the defendant's motion to peremptorily challenge a juror, which was denied.
In Brown v. McArthur Dairies, Inc., 280 So.2d 520 (Fla. 3d DCA 1973), plaintiff attempted to exercise a peremptory challenge after tendering the jury. Plaintiff had stated that the jury was "accepted" but, thereafter, before the jury was sworn, attempted to use a remaining peremptory challenge. The court held, "The denial of the right to use a remaining peremptory challenge was clearly error." See also Grabow v. Lehrer, 224 So.2d 767 (Fla. 3d DCA 1969), and Carames v. Golden, 445 So.2d 1140 (Fla. 3d DCA 1984).
Appellee contends that the trial court did not err because the manner of jury selection permitted "backstriking" by either party. The term backstriking has been *1268 misused and abused. The term itself refers to a party's right to retract his acceptance and object to a juror at any time before that juror is sworn. It is clear that the procedure employed by the trial court in jury selection did not permit "backstriking." However this is not the point. The error committed herein does not revolve around the existence or non-existence of "backstriking." It is the failure of the trial court to permit a party to exercise a remaining peremptory challenge before the jury is sworn, which constitutes reversible error.
Appellee next contends that even if error was committed it was at most harmless error. This point was addressed and rejected in Saborit v. Deliford, 312 So.2d 795 (Fla. 3d DCA 1975), cert. denied, 327 So.2d 32 (Fla. 1976) (Refusal to allow plaintiffs' use of remaining peremptory challenges before jurors were sworn could not be harmless error where verdict was adverse to plaintiffs). See also Carames v. Golden, supra, which stated "the trial court's refusal to permit the plaintiff an opportunity to exercise his last remaining peremptory challenge prior to the jury's being sworn is reversible error." (Emphasis added.)
The trial court has a broad discretion to determine the method to be used in jury selection, and it is not our intent to criticize the method to be used per se. However, any method used must preserve the rights of the litigants as established by the common law, and must permit either party to exercise any remaining peremptory challenges at any time before the jury is sworn.
Reversible error having been committed, the final judgment is reversed and the cause remanded for a new trial.
GLICKSTEIN, J., concurs.
ANSTEAD, J., concurs specially with opinion.
ANSTEAD, Judge, concurring specially.
I write separately only to note that the Third District has apparently approved of the same practice which we disapprove here. See Ter Keurst v. Miami Elevator Co., 453 So.2d 501 (Fla. 3d DCA 1984) and Eastern Air Lines, Inc. v. Gellert, 438 So.2d 923 (Fla. 3d DCA 1983).
NOTES
[1] Section 913.04, Florida Statutes reads as follows: "A challenge to an individual juror may be made only before the juror is sworn to try the cause... ."