PER CURIAM.
Kenneth Lamont McIntosh appeals his convictions for first-degree murder, armed robbery, and armed burglary. We affirm.
Defendant-appellant McIntosh contends that the trial court erred by allowing the State to withdraw a peremptory challenge it had exercised against juror Blanco, with the result that juror Blanco served on the jury. This came about because, at the conclusion of jury selection, the venire panel had been exhausted but only eleven jurors had been selected for the twelve-person jury. The court concluded that it would be necessary to resume proceedings the next day and begin voir dire with additional prospective jurors.
The State asked for a few minutes to consider whether the State could live with any of the prospective jurors that the State had stricken. After a recess, the State indicated that it was willing to withdraw the previously exercised peremptory challenge against juror Blanco. The defense objected to this procedure, saying that “had the State ... kept her on [the jury] initially, it might have changed some of my decisions after that point.” Defense counsel went on to request an additional peremptory challenge, not to exercise against juror Blanco but instead to exercise against a different juror, juror Rodriguez. Defense counsel indicated that she had accepted juror Rodriguez “given the contents of the panel at that time. The contents of the panel [have] changed.” The court denied the request for an additional peremptory challenge.*
We find no abuse of discretion in the trial court’s seating of juror Blanco over defense objection. If defense counsel predicated the exercise of at least some of the peremptory challenges on the theory that juror Blanco, having been stricken by the State, would not serve on the jury, then it would be understandable if the defense had'requested an additional peremptory challenge to strike juror Blanco. In that circumstance, we would have a different case. Juror Blanco was, however, acceptable to the defense and the request instead was to strike a different juror. The claim of harm here was entirely speculative and the objection was properly overruled.
Defendant also contends that the trial court erred in refusing to strike juror Ar-dura for cause. We find no abuse of discretion in that ruling. See Trotter v. State, *157 576 So.2d 691, 694 (Fla.1990); Cook v. State, 542 So.2d 964, 969 (Fla.1989).
Affirmed.

 Defense counsel’s logic is not entirely clear. Juror Rodriguez was juror number four out of forLy prospective jurors, while juror Blanco was juror twenty-four. Juror Blanco had not been reached at the time the initial decision was made by both sides to accept juror Rodriguez.