807 So.2d 182 (2002)
Carolyne VAN SICKLE, as Personal Representative of the Estate of Janet Van Sickle, and as next friend of the minor children, James Van Sickle and Mark Van Sickle, Appellant,
v.
James F. ZIMMER, M.D. and Radiology Consultants, P.A., Appellees.
No. 2D00-4925.
District Court of Appeal of Florida, Second District.
February 15, 2002.
*183 James B. Tilghman, Jr. and Gary D. Fox of Stewart, Tilghman, Fox & Bianchi, P.A., Miami, for Appellant.
Brendan M. Lee, Stephen H. Sears, and Mark E. McLaughlin of MacFarlane, Ferguson & McMullen, Tampa, for Appellees.
SILBERMAN, Judge.
Carolyne Van Sickle, as the personal representative of her daughter's estate, appeals from an adverse jury verdict and the trial court's denial of her motion for a new trial. She argues that the trial court erred by not allowing her to backstrike a prospective juror before the jury was sworn. We agree and reverse.
Van Sickle's daughter, Janet, commenced a lawsuit for medical malpractice and personal injuries arising from treatment that was provided to her. After Janet's death, Van Sickle, as personal representative of the estate, filed a complaint for wrongful death based on allegations of medical malpractice.
During jury selection, counsel for Zimmer and Radiology Consultants inquired regarding the backstriking of jurors, that is, the exercise of peremptory challenges as to jurors that had been accepted by the parties. The trial court stated that it would allow an opportunity to backstrike once six jurors were accepted. If six jurors were accepted and the parties had no *184 backstrikes, those six would serve as jurors, no further backstrikes would be allowed, and then an alternate juror would be chosen.
Ultimately, six jurors were accepted without backstrikes. One of the six had been challenged for cause by Van Sickle, but the trial court denied the challenge. When the six were accepted, Van Sickle had two peremptory challenges remaining. The trial court stated that since six jurors had been accepted, the parties would proceed to select an alternate juror with each side having one peremptory challenge during the selection of the alternate juror.
Van Sickle then requested an additional challenge and asked to backstrike the juror who previously had been challenged for cause. Van Sickle asserted that because the jury had not been sworn, she had the right to backstrike the juror. The trial court denied the requested backstrike and stated, "I've explained the rules to you, that's the way we're proceeding." After two prospective alternate jurors were excused, an alternate juror was accepted.
Following a recess and before the jury was sworn, Van Sickle again asked to backstrike one of the jurors. She argued that she was entitled to backstrike a prospective juror anytime before the jury was sworn. The trial court denied the request and proceeded to swear in the jury.
After closing arguments and prior to the jury deliberating, counsel for Zimmer and Radiology Consultants advised the trial court that it was unclear whether the jury selection procedure had deprived Van Sickle of the opportunity to exercise her peremptory challenge to one of the jurors. Counsel suggested that if agreeable to Van Sickle, the juror could be discharged and the alternate juror would serve as the sixth juror. Van Sickle declined the proposal and the alternate juror was discharged. The original panel of six deliberated and returned a verdict in favor of Zimmer and Radiology Consultants. The record reflects that the forewoman of the jury was the juror that Van Sickle sought to challenge.
Van Sickle filed a motion for new trial and claimed that the jury selection procedure improperly denied her the right to exercise one of her peremptory challenges. The trial court denied the motion. In this appeal, Van Sickle correctly argues that the trial court's refusal to allow her to exercise her peremptory challenges before the jury was sworn is reversible error.
Florida Rule of Civil Procedure 1.431 governs the procedure for jury selection in civil litigation. It states that "[n]o one shall be sworn as a juror until the jury has been accepted by the parties or until all challenges have been exhausted." Fla. R. Civ. P. 1.431(f). While the time and manner of challenging and swearing jurors rests within the sound discretion of the trial court, a party may peremptorily challenge a juror until the juror is sworn. Tedder v. Video Elec., Inc., 491 So.2d 533, 534 (Fla.1986).
It has been held repeatedly that the trial court's failure to allow a party to exercise a remaining peremptory challenge before the jury is sworn constitutes reversible error. Dobek v. Ans, 475 So.2d 1266, 1268 (Fla. 4th DCA 1985); Carames v. Golden, 445 So.2d 1140, 1140 (Fla. 3d DCA 1984); Fla. Rock Indus., Inc. v. United Bldg. Sys., Inc., 408 So.2d 630, 632 (Fla. 5th DCA 1981); Brown v. McArthur Dairies, Inc., 280 So.2d 520, 522 (Fla. 3d DCA 1973). The trial court's refusal to permit a party to exercise its peremptory challenges is not harmless error when the jury returns a verdict against that party. Saborit v. Deliford, 312 So.2d 795, 797-98 (Fla. 3d DCA 1975). Indeed, the Fifth District Court of Appeal has held that *185 disallowing the exercise of a peremptory challenge by way of a backstrike, prior to the jury being sworn, is reversible error per se. Peacher v. Cohn, 786 So.2d 1282, 1283 (Fla. 5th DCA 2001).
Zimmer and Radiology Consultants argue that Van Sickle waived any error by rejecting their proposal, made at the close of the case, to substitute the alternate juror for the juror that Van Sickle had sought to challenge. We disagree. A litigant is entitled to view the panel as a whole in order to intelligently and effectively use his or her peremptory challenges. Tedder, 491 So.2d at 535; Fla. Rock Indus., Inc., 408 So.2d at 632. Van Sickle had two peremptory challenges left when the trial court refused to allow her to backstrike the juror. Had the backstrike been permitted, it is impossible to say how Van Sickle might have used her remaining peremptory challenge, how Zimmer and Radiology Consultants would have used their remaining peremptory challenge, or how the jury would ultimately have been constituted. Under the circumstances, we cannot agree that rejection of the juror substitution proposal waived the error.
We have considered the other arguments made by Zimmer and Radiology Consultants but conclude that reversal is required because the trial court improperly precluded Van Sickle from exercising her peremptory challenges before the jury was sworn. We therefore reverse the final judgment and remand for a new trial.
Reversed and remanded.
PARKER and GREEN, JJ., Concur.