ON MOTION FOR CLARIFICATION

WARNER, J.
We grant the motion for clarification, withdraw our previously issued opinion, and substitute the following in its place.
We reverse the final judgment in this case because the trial court refused to permit plaintiff to exercise a peremptory challenge to a juror prior to the jury being sworn. The rule and case law are absolutely clear that a party may exercise peremptory challenges until the jury is sworn.
A panel of six jurors had been selected, with plaintiff having unused peremptory challenges.[1] Although one of the defendants suggested swearing in the panel before alternates were selected, the court declined to do so. Each defendant received one additional strike for the alternate jurors, while plaintiff received two, both of which plaintiff exercised. Two alternate jurors were selected. Before the trial court brought the jury in to be sworn, the court warned counsel not to exercise any backstrikes after the jury came in. Despite this warning, when the jury was about to be sworn, plaintiffs counsel made it known that he intended to exercise another strike to the main panel, for which he had peremptory strikes remaining. The trial court denied the backstrike, concluding that plaintiff would indirectly be allowed eight strikes to the main panel instead of the permitted six strikes.
While “the time and manner of challenging and swearing jurors have traditionally rested within the sound disere *167 tion of the trial court,” Tedder v. Video Elecs., Inc., 491 So.2d 533, 534 (Fla.1986), a trial court does not have the discretion “to infringe upon a party’s right to challenge any juror, either peremptorily or for cause, prior to the time the jury is sworn.” Jackson v. State, 464 So.2d 1181, 1183 (Fla.1985). A party may exercise an unused peremptory challenge at any time prior to the jury being sworn. Fla. Bock Indust., Inc. v. United Bldg. Sys., Inc., 408 So.2d 630, 632 (Fla. 5th DCA 1981); Dobek v. Ans, 475 So.2d 1266, 1266-67 (Fla. 4th DCA 1985). This is so even if the main panel has been accepted, the parties are selecting alternates, and one party chooses to exercise an unused peremptory to a juror on the main panel. See Van Sickle v. Zimmer, 807 So.2d 182 (Fla. 2d DCA 2002); Peacher v. Cohn, 786 So.2d 1282 (Fla. 5th DCA 2001).
Appellees seek to distinguish the instant appeal because plaintiff had already exercised his two challenges to the alternates when he sought to exercise another strike to the main panel. Thus, by again using a remaining peremptory against the main panel, plaintiff would actually be allowed more than his share of peremptory challenges against the main panel. We do not agree that this would inevitably follow.
The failure to permit the exercise of a peremptory challenge before the jury is sworn constitutes an error as a matter of law, requiring reversal of the final judgment. See St. Paul Fire & Marine Ins. Co. v. Welsh, 501 So.2d 54, 56 (Fla. 4th DCA 1987); Dobek, 475 So.2d at 1268.
Reversed and remanded for a new trial.
SHAHOOD and MAY, JJ., concur.

. Plaintiff was allowed six challenges because there were two defendants. See Fla. R. Civ. P. 1.431(d).