922 So.2d 454 (2006)
Jerry DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-3545.
District Court of Appeal of Florida, Fourth District.
March 15, 2006.
Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
*455 Charles J. Crist, Jr., Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Following a jury trial, appellant, Jerry Davis, was found guilty, as charged, of aggravated battery and not guilty of robbery with a deadly weapon. He was adjudicated guilty and sentenced to thirty years in prison as a prison releasee reoffender and a habitual felony offender.
Appellant raises two issues on appeal. Initially, he argues that the trial court erred when it denied his request to "backstrike" a potential juror before the jury panel was sworn. Secondly, he argues that the habitual offender and prison releasee reoffender sentences imposed by the trial court were unconstitutional. We affirm as to both issues raised.
At trial, following voir dire, the parties conducted their peremptory challenges to the presumptive panel. During jury selection, the state used six of its ten peremptory strikes.[1] The defense used all ten of its peremptory strikes. Thereafter, the jury panel and an alternate were accepted by both sides. Defense counsel then told the court that appellant wished to withdraw a peremptory challenge made on one juror and use it to strike another. The state objected and the trial court denied the request. The jury was then sworn.
The court's rationale in denying the "backstrike" request was that the prosecutor's strategy in utilizing peremptory challenges was based partially on the manner in which the defense exercised its peremptory challenges. The court, therefore, concluded that allowing the defendant to withdraw a challenge so late in the process would prejudice the state.
It is reversible error to deny a defendant his right to challenge a juror any time before the jury is sworn. Gilliam v. State, 514 So.2d 1098, 1099 (Fla. 1987). In our case, after the panel had been selected but prior to its being sworn, appellant sought to withdraw a peremptory previously exercised to strike one juror and use it, instead, on another juror who had been accepted. The defense had exhausted all of its peremptory challenges and did not request additional peremptory challenges from the trial court.
Although it is clearly reversible error to deny a challenge to a juror when the defendant has not exhausted all of his peremptory challenges prior to the jury's being sworn, that is not the case where, as here, a party has exhausted all of its peremptory challenges. See Hunter v. State, 660 So.2d 244 (Fla.1995). Under the facts of this case, we cannot say that the trial court erred in denying appellant's request to withdraw a peremptory challenge and then backstrike a previously accepted juror.
In his second issue, appellant argues that his prison releasee reoffender (PRR) and habitual felony offender sentences violate his Sixth Amendment right to a jury trial based on Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and its progeny, United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). We affirm as to this issue. See Gurley v. State, 906 So.2d 1264, 1265 (Fla. 4th DCA 2005), and *456 McBride v. State, 884 So.2d 476, 477 (Fla. 4th DCA 2004).
Lastly, appellant argues that the "shotgun" notice of intent to declare him a habitual offender was inadequate. This argument has likewise been rejected, see Washington v. State, 895 So.2d 1141, 1142 (Fla. 4th DCA 2005), and we decline appellant's invitation to recede from Washington.
Affirmed.
STONE and KLEIN, JJ., concur.
NOTES
[1] Based on appellant's charges, appellant and the state were entitled to ten peremptory challenges each. § 913.081(1)(a), Fla. Stat.