DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MOSES McCRAY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-907

[June 29, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; David F. Crow, Judge; L.T. Case No. 2013CF008088AMB.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from his convictions on one count of aggravated assault with a firearm on a law enforcement officer, three counts of aggravated assault with a deadly weapon on a law enforcement officer, and one count of possession of a firearm by a convicted felon. The defendant primarily argues that, after he exhausted his peremptory strikes, the trial court erred in denying his motion to "unstrike" the juror upon whom he used his last peremptory strike ("Juror 2.5"), so that he could use his last peremptory strike on another juror ("Juror 3.9"). We affirm, because, after the defendant struck Juror 2.5, the state accepted the panel, thereby revealing the state's strategy to accept Juror 3.9. Allowing the defendant to reveal the state's strategy to accept Juror 3.9, and then allowing the defendant to "unstrike" Juror 2.5 in order to strike Juror 3.9, would have prejudiced the state.

We present this opinion in three parts: (1) the voir dire and jury selection process; (2) our analysis based on our precedent in *Davis v. State*, 922 So. 2d 454 (Fla. 4th DCA 2006); and (3) our recognition of a possible conflict with *McIntosh v. State*, 743 So. 2d 155 (Fla. 3d DCA 1999).

## 1. _The Voir Dire and Jury Selection Process_

During voir dire, the following discussions occurred with Juror 3.9:

JUROR 3.9: My name . . . . I live in Lake Worth. My occupation, I'm working for school district. I'm a driver. I'm married. My wife is (indiscernible). I do have three children. They are high school. I have never been served jury before.

COURT: Is that a no?

JUROR 3.9: No. I have never been in crime victim of any crime. I don't have any friends in law enforcement. And I will follow the law explained. And yes, I will give fair trial to both sides. And no reason I cannot serve.

. . . .

STATE: [Juror 3.9], how are you?

JUROR 3.9: Fine.

STATE: Good. We have several folks here that have nice accents and I can kind of tell from some individuals having served on prior jury service or their answers that there was no issue with language. But I wanted to check with you to see you have a nice accent but I want to make sure are you understanding everything that we're saying?

JUROR 3.9: Yes.

STATE: Excellent. No language problem if you were to serve on the jury?

JUROR 3.9: No.

The defense did not ask Juror 3.9 any direct questions.

During the parties' initial round of cause challenges, the defendant did not challenge Juror 3.9 for cause.

During the parties' peremptory strikes, the defendant used his last peremptory strike on Juror 2.5. That strike put Juror 3.9 "in the box" as

the sixth juror. The state, which had two peremptory strikes remaining, accepted the panel, including Juror 3.9.

The defendant then stated he wanted to challenge Juror 3.9 for cause because he had "a serious question about [Juror 3.9's] ability to speak English."

In response, the trial court stated that Juror 3.9 gave "direct and positive," "appropriate[]" answers; "[h]e did not hesitate in response to any questions;" and he appeared insulted or angered when the state questioned his English. The court therefore denied the defendant's cause challenge to Juror 3.9.

The defendant then asked for two additional preemptory strikes, after which the following discussion occurred:

> COURT: And the reason is because I denied your cause challenge [to juror 3.9]?
>
> DEFENSE: Yes, sir.
>
> COURT: That would be denied.
>
> . . . .
>
> DEFENSE: [Judge], can we back-strike or unstrike [Juror 2.5] then?
>
> COURT: Unstrike?
>
> DEFENSE: Or back-strike.
>
> COURT: This is a first for me.
>
> STATE: I have never heard of an unstrike.
>
> COURT: It's not a back-strike because [Juror 2.5 has] already been stricken.
>
> . . . .
>
> DEFENSE: . . . You're right, Judge. We've already stricken [Juror 2.5].

3

COURT: *I don't know how I can unstrike a strike because then that messes up everybody else's decisions on what you struck or so.* That's our jury. . . .

(emphasis added).

The defendant later was convicted as charged. This appeal followed.

The defendant primarily argues that the trial court erred in denying his motion to "unstrike" Juror 2.5, upon whom he used his last peremptory strike, so that he could use his last peremptory strike on Juror 3.9 instead. In support, the defendant relies upon cases holding that a party may exercise an *unused* peremptory strike at any time before the jury is sworn. *See, e.g., Arnold v. State*, 755 So. 2d 696, 698 (Fla. 4th DCA 1999).

We review the trial court's denial of the defendant's motion to "unstrike" Juror 2.5 for an abuse of discretion. *See McIntosh v. State*, 743 So. 2d 155, 156 (Fla. 3d DCA 1999) (reviewing for an abuse of discretion a trial court's decision on a party's motion to "unstrike" a juror upon whom the party earlier used a peremptory strike).

### 2. *Our Analysis Based on Our Precedent in* Davis v. State

The defendant's argument lacks merit, pursuant to our holding in *Davis v. State*, 922 So. 2d 454 (Fla. 4th DCA 2006). In *Davis*, we described the facts as follows:

> . . . During jury selection, the state used six of its ten peremptory strikes. The defense used all ten of its peremptory strikes. Thereafter, the jury panel and an alternate were accepted by both sides. Defense counsel then told the [trial] court that [the defendant] wished to withdraw a peremptory [strike] made on one juror and use it to strike another. The state objected and the trial court denied the request. The jury was then sworn.
>
> The [trial] court's rationale in denying the "[unstrike]" request was that the prosecutor's strategy in utilizing peremptory [strikes] was based partially on the manner in which the defense exercised its peremptory [strikes]. The court, therefore, concluded that allowing the defendant to withdraw a [peremptory strike] so late in the process would prejudice the state.

4

*Id.* at 455 (footnote omitted).  We affirmed, reasoning as follows:

> Although it is clearly reversible error to deny a challenge to a juror when the defendant has not exhausted all of his peremptory challenges prior to the jury's being sworn, that is not the case where, as here, a party has exhausted all of its peremptory challenges.  Under the facts of this case, we cannot say that the trial court erred in denying [the defendant's] request to withdraw a peremptory [strike] and then backstrike a previously accepted juror.

*Id.* (internal citation omitted).

Similar to *Davis*, we cannot say here that the trial court erred in denying the defendant's motion to "unstrike" Juror 2.5, upon whom he used his last peremptory strike, so that he could use his last peremptory strike on Juror 3.9.  The reason is because, as in *Davis*, after the defendant used his last peremptory strike on Juror 2.5, the state accepted the panel, *thereby revealing the state's strategy to accept Juror 3.9.*  Allowing the defendant to reveal the state's strategy to accept Juror 3.9, and then allowing the defendant to "unstrike" Juror 2.5 in order to strike Juror 3.9, would have prejudiced the state.

The cases upon which the defendant relies are distinguishable because those cases hold that a party may exercise an *unused* peremptory strike at any time before the jury is sworn.  *See, e.g., Arnold,* 755 So. 2d at 698. Here, the defendant already had exhausted his peremptory strikes, and the state already had accepted the panel, when the defendant moved to "unstrike" Juror 2.5, upon whom he used his last peremptory strike, so that he could use his last peremptory strike on Juror 3.9 instead.  The trial court's denial of this motion did not prejudice the defendant when he already had exhausted his peremptory strikes.  *Cf. Hunter v. State,* 660 So. 2d 244 (Fla.1995) (although trial court erred when it indicated that it would prevent defense counsel from exercising peremptory backstrikes once the entire jury panel was formed, defendant was unable to demonstrate any prejudice because defense counsel had exhausted his allotted peremptory challenges when the opportunity to backstrike arose).

### 3. *Possible Conflict with* McIntosh v. State

We note, however, that our holdings in this case and *Davis* may conflict with our sister court's holding in *McIntosh v. State*, 743 So. 2d 155 (Fla. 3d DCA 1999), regarding the circumstances by which a party may or may not "unstrike" a juror.

In *McIntosh*, at the conclusion of jury selection, the venire panel had been exhausted, but only eleven jurors had been selected for the twelve-person jury. *Id.* at 156. The state indicated that it was willing to withdraw its previously used peremptory strike against juror Blanco. *Id.* The defendant objected to this procedure, saying that if the state kept juror Blanco on the jury initially, then some of the defendant's decisions after that point might have changed. *Id.* The defendant then requested an additional peremptory strike, not to use against juror Blanco, but instead to use against a different juror, juror Rodriguez. *Id.* The defendant indicated that he had accepted juror Rodriguez "given the contents of the panel at that time. The contents of the panel [have] changed." *Id.* The trial court denied the defendant's request for the additional peremptory strike. *Id.*

On appeal, the defendant contended that the trial court erred by allowing the state to withdraw the peremptory strike it had used on juror Blanco, with the result that juror Blanco served on the jury. *Id.* at 156. Our sister court affirmed, reasoning as follows:

> We find no abuse of discretion in the trial court's seating of juror Blanco over defense objection. *If defense counsel predicated the exercise of at least some of the peremptory challenges on the theory that juror Blanco, having been stricken by the State, would not serve on the jury, then it would be understandable if the defense had requested an additional peremptory challenge to strike juror Blanco. In that circumstance, we would have a different case.* Juror Blanco was, however, acceptable to the defense and the request instead was to strike a different juror. The claim of harm here was entirely speculative and the objection was properly overruled.

*Id.* (emphasis added).

It could be argued that our holdings in this case and *Davis* do not conflict with *McIntosh*, because the circumstances are different. That is, in this case and *Davis*, the defendant already had exhausted his

6

peremptory strikes, and the state already had accepted the panel, when the defendant moved to "unstrike" a juror upon whom he used his last peremptory strike, so that he could use his last peremptory strike on another juror instead. However, in *McIntosh,* the state merely sought to "backfill" an otherwise incomplete jury by moving to "unstrike" juror Blanco, whom the state had stricken but who was acceptable to the defense, without seeking to use that peremptory strike on another juror.

On the other hand, it could be argued that our holdings in this case and *Davis* may conflict with *McIntosh,* simply because of the different results. That is, we have held, under the circumstances presented to us, that the courts did not abuse their discretion in *denying* a motion to "unstrike" a juror. However, *McIntosh* held, under different circumstances, that a court did not abuse its discretion in *granting* a motion to "unstrike" a juror. Thus, to the extent the results of this case and *Davis* may be perceived to conflict with *McIntosh,* we certify conflict.

### Conclusion

While we recognize that when a defendant has peremptory strikes remaining, "the courts of this state have uniformly held . . . that a defendant has the right to retract his *acceptance* and object to a juror at any time before the jur[y] is sworn," *Dobek v. Ans,* 475 So. 2d 1266, 1267 (Fla. 4th DCA 1985) (emphasis added), we are aware of no authority holding that a party, who has exhausted their peremptory strikes, has the right to retract a peremptory strike in order to use a peremptory strike on another juror after the other party has revealed their jury selection strategy but before the jury is sworn. To recognize such a holding would disrupt what should be an otherwise orderly jury selection process. We affirm.

*Affirmed; conflict certified.*[1]

CIKLIN, C.J., and WARNER, J., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

---

[1]   We also affirm without discussion as to the defendant's second argument that the trial court erred by allowing evidence of collateral crimes to become a feature of the trial.